FILED
2017 Mar-20 PM 04:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

Pro Se 7 (Rev. 10/16) Complaint for Employment Discrimination

# United States District Court

## for the

## NORTHERN DISTRICT OF ALABAMA

Wayne Heard Jr.

_____

*Plaintiff,*

*(Write your full name. No more than one plaintiff may be named in a pro se complaint)*

**v.**

City of Birmingham, Johnathan Austin

_____

*Defendant(s),*

*(Write the full name of each defendant who is being sued. If the names of all defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names)*

}
}
}
}
}
}
}
}
}
}
}
}
}
}
}
}
}
}
}

Case No.:_____
*(to be filled in by the Clerk's Office)*

JURY TRIAL  ☑ Yes   ☐ No

CV-17-CO-0409-S

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

### I.    The Parties to This Complaint

#### A.    The Plaintiff

| | |
|---|---|
| Name | Wayne Heard Jr. |
| Street Address | 6379 N Clubview Circle |
| City and County | Bessemer, Jefferson County Alabama |
| State and Zip Code | Alabama, 35022 |
| Telephone Number | 205.213.9193 |
| E-mail Address *(if known)* | wayne.heard.jr@gmail.com |

☑    **Check here to receive electronic notice through the e-mail listed above. By checking this box, the undersigned consents to electronic service and waives the right to personal service by first class mail pursuant to Federal Rule of Civil Procedure 5(b)(2), except with regard to service of a summons and complaint. The Notice of Electronic Filing will allow one free look at the document, and any attached PDF may be printed and saved.**

March 15, 2017
**Date**

**Participant Signature**

## II.     Basis for Jurisdiction

### B.     The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | City of Birmingham |
| Job or Title *(if known)* | Legal Department (6th Floor) |
| Street Address | 710 North 20th Street |
| City and County | Birmingham, Jefferson County Alabama |
| State and Zip Code | Alabama, 35203 |
| Telephone Number | 205.254.2369 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | Johnathan F. Austin |
| Job or Title *(if known)* | Birmingham City Council President |
| Street Address | 710 North 20th Street |
| City and County | Birmingham, Jefferson County Alabama |
| State and Zip Code | Alabama, 35203 |
| Telephone Number | 205.254.2294 |
| E-mail Address *(if known)* | Johnathan.Austin@birminghamal.gov |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Pro Se 7 (Rev. 10/16) Complaint for Employment Discrimination

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

## C.    Place of Employment

The address at which I sought employment or was employed by the defendant(s) is:

| | |
|---|---|
| Name | City of Birmingham |
| Street Address | 710 North 20th Street |
| City and County | Birmingham, Jefferson County Alabama |
| State and Zip Code | Alabama, 35203 |
| Telephone Number | 205.254.2000 |

## II.    Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☑    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race color, gender, religion, national origin).

*(Note:   In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note:    In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐      Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☑      Other federal law *(specify the federal law)*:
Discrimination on the basis of Criminal History

Relevant state law *(specify, if known)*:
Wrongful Termination, Tort of Outrage,

Relevant city or county law *(specify, if known)*:

## III.  Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

    ☑    Failure to hire me

    ☑    Termination of my employment

    ☐    Failure to promote me

    ☐    Failure to accommodate my disability

    ☑    Unequal terms and conditions of my employment

    ☑    Retaliation

    ☐    Other acts *(specify)*:

    *(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.     It is my best recollection that the alleged discriminatory acts occurred on date(s):
       January 8, 2016

C.     I believe that defendant(s) *(check one)*:

       ☑     is/are still committing these acts against me

       ☐     is/are not still committing these acts against me

D.     Defendant(s) discriminated against me based on my *(check all that apply and
       explain)*:

       ☑     race          [                                    ]

       ☐     color         [                                    ]

       ☐     gender/sex    [                                    ]

       ☐     religion      [                                    ]

       ☐     national origin [                                  ]

       ☐     age *(year of birth)* [                            ]
                           *(only when asserting a claim of age discrimination)*

       ☐     disability or perceived disability *(specify disability)*

       [                                    ]

E.     The facts of my case are as follows. Attach additional pages if needed.

       Attached

       *(Note: As additional support for the facts of your claim, you may attach to this
       complaint a copy of your charge filed with the Equal Employment Opportunity
       Commission, or the charge filed with the relevant state or city human rights
       division.)*

Pro Se 7 (Rev. 10/16) Complaint for Employment Discrimination

## IV.   Exhaustion of Federal Administrative Remedies

A.   It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*: _____
February 19, 2016

B.   The Equal Employment Opportunity Commission *(check one)*:

☐   has not issued a Notice of Right to Sue letter

☑   issued a Notice of Right to Sue letter, which I received on *(date)*: _____
December 15, 2016

> *(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.   Only litigants alleging age discrimination must answer this question:

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐   60 days or more have elapsed

☐   less than 60 days have elapsed

## V.   Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

-Back salary is roughly $130,000.00.
-Back Insurance and future insurance has cost me $500.00 a month since I was terminated.
-Back tuition and future tuition. The city was due to begin full tuition payments to my educational institution on June 1, 2016. It was expected and known that I would at the least maintain employment with the city through my graduation.
-A letter ensuring that the stigmatization of 'would not rehire' has been removed. As the EEOC files show, there were no negative markings in my employment history. In fact I did amazing work for the council.
-Attorney's fees. Punitive and Compensatory Damanges that are just and may be awarded by a trier of fact.

Pro Se 7 (Rev. 10/16) Complaint for Employment Discrimination

## VI.   Certification and Closing

Under Rule 11 of the Federal Rules of Civil Procedure, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of Signing: *March 15, 2017*

Signature of Plaintiff: *Wayne H*

Printed Name of Plaintiff: *Wayne Heard Jr.*

### B.   For Attorneys

Date of Signing: 

Signature of Attorney: 

Printed Name of Attorney: 

Bar Number: 

Name of Law Firm: 

Street Address: 

State and Zip Code: 

Telephone Number: 

E-mail Address:

# Right to Sue from EEOC

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: **Wayne Heard**
**6379 N Clubview Cir**
**Bessemer, AL 35022**

From: **Birmingham District Office**
**Ridge Park Place**
**1130 22nd Street**
**Birmingham, AL 35205**

| | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) | |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| | **MICHAEL G. ALBERT,** | |
| **420-2016-01273** | **Investigator** | **(205) 212-2111** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

|  | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
|---|---|
|  | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
|  | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
|  | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
|  | The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge. |
|  | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
| **X** | Other *(briefly state)*  **No Employer/Employee relationship** |

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for **any violations that occurred** more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission

**Deiner Franklin-Thomas,**
**District Director**

DEC 15 2016

*(Date Mailed)*

Enclosures(s)

cc:  **CITY OF BIRMINGHAM**
**Fredric Fullerton**
**City Attorney**
**Law Department**
**710 20th Street North  Room 600 City Hall**
**Birmingham, AL 35203**

Enclosure with EEOC
Form 161 (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

PRIVATE SUIT RIGHTS -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should keep a record of this date. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. .(Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

## PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit **before 7/1/10** – *not* 12/1/10 – in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

## ATTORNEY REPRESENTATION -- Title VII, the ADA or GINA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

## ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

# Freedom of Information Request

FREEDOM OF INFORMATION ACT REQUEST

January 23, 2017

Toniko Noland
United States Equal Employment Opportunity Commission
Birmingham District Office
Ridge Park Place
1130 22nd Street
Birmingham, AL 35203

Re: Freedom of Information Act Request

Mrs. Noland,
This is a request under the Freedom of Information Act.
I request that a copy of the following documents and file pertaining to EEOC Charge
420-2016-01273 be provided to me:
- The Entire investigation file of EEOC Charge 420-2016-01273
- Any documents provided to the EEOC by respondent: City of Birmingham
- Any documents acquired by the EEOC during the course of the investigation
  of EEOC Charge 420-2016-01273
- Any and all documents, information, discovery, pertinent materials acquired
  by the EEOC during the process of their investigation and subsequent issue of
  a right to sue in EEOC Charge 420-2016-01273.

The purpose of the discharge and issue of right to sue without cause was that I,
Wayne Heard Jr., was not a merit employee, but rather an appointed employee of
the City of Birmingham. I humbly request the director of the Birmingham District
office of the Equal Employment Opportunity Commission reconsider the previous
determination, and grant a favorable notice to myself, the claimant, that
discrimination did occur, as I was an employee of the City of Birmingham entitled to
relief.
I request a waiver of all fees for this request. Disclosure of the requested
information to me is in my interest as the claimant, as well as the public interest
because it is likely to contribute significantly to public understanding of the
operations or activities of the government.
Thank you for your consideration of this request.
Sincerely,

Wayne Heard Jr.
6379 N Clubview Circle
Bessemer, AL 35022

January 23, 2017

# EEOC Response to Freedom of Information Request



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Birmingham District Office**

Ridge Park Place
1130 22nd Street South, Suite 2000
Birmingham, AL 35205
(205) 212-2069
TTY (205) 212-2112
FAX (205) 212-2105
Website: www.eeoc.gov

January 24, 2017

Via: wayne.heard.jr@gmail.com
Mr. Wayne Heard
6379 N Clubview Circle
Bessemer, AL 35022

Re: FOIA No.:       420-2017-005066
Charge No.:         420-2016-01273
Charge:             Wayne Heard v City of Birmingham

Dear Mr. Heard:

Your request under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, received by the Birmingham District Office on January 23, 2017, is assigned the above FOIA number. It will be processed by Toniko Noland who can be reached at (205) 212-2069 or toniko.noland@eeoc.gov

[X] EEOC will issue a determination on your request on or before March 07, 2017. FOIA and EEOC regulations provide 20 working days to issue a determination on a request, not including Saturdays, Sundays and federal holidays. In unusual circumstances, EEOC may extend the 20 working days by 10 additional working days or stop processing your request until you respond to our request for fee or clarifying information. Should EEOC take an extension or stop processing your request, notice will be issued prior to the expiration of the 20 working days.

Cordially,

Delner Franklin-Thomas

Delner Franklin-Thomas
District Director
BIRMFOIA@eeoc.gov

# Memorandum

To: Council Administrator Cheryl Kidd; President Johnathan Austin;
Councilor Lashunda Scales

From: Wayne Heard

Date: January 7, 2016

Re: Proposed Creation of Equipment/Facility Usage Ordinance

---

## *Facts*

This memo is addressing Councilor Scales desire to create an ordinance for the Municipal Code of Birmingham that gives the Birmingham City Council executive access to equipment, facilities, and departments.

## *Definitions*

I've incorporated the following definitions, as defined in the Code of Alabama, as well as the Birmingham Municipal Code,

- *City* means "the City of Birmingham in the Counties of Jefferson and Shelby in the State of Alabama."
- *Council,* or *city council* means "the Council of the City of Birmingham."
- *Delegation of Authority* states "Wherever a provision appears requiring the head of a department or some other city officer to do some act or perform some duty, it shall be construed to authorize the head of the department or other officer to designate, delegate, and authorize subordinates to perform the required act or perform the duty, unless the terms of the provision or section specify otherwise. Therefore, the definition of the term "city officer" or "employee" shall be construed to include the duly authorized representative of the officer or employee."
- *Mayor* means "the Mayor of the City of Birmingham."
- *Officer, department, or agency* refers to the "designation of an officer, department, or agency, without qualifying words, [which] refer[s] to such officer or agency of the city."

There are two forms of government in the State of Alabama - the Mayor-Council Act of 1955 and the Council-Manager Act of 1991. The city of Birmingham, AL is governed by the Mayor-Council Act. Article III, Section 3.07 stipulates "All powers of the city, including all powers vested in it by this act, by the laws, general and local, of the state, and the determination of all matters of policy, shall be vested in the council. Without limitation of the foregoing, the council shall have power to:

    (1)    Establish administrative departments and distribute the work of divisions.

    (2)    Adopt the budget of the city.

(3)    Authorize the issuance of bonds or warrants.

(4)    Inquire into the conduct of any office, department or agency of the city and make investigations as to municipal affairs.

(5)    Appoint the members of all boards, commissions or other bodies authorized...by law.

(6)    Succeed to all the powers, rights and privileges conferred upon the former governing body of the city by statutes in effect at the time of adoption by the city of the mayor-council form of government and not in conflict with this act.

(7)    Levy property and license taxes and local improvement assessments.

(8)    Employ for and on behalf of said city such employees as the council may deem necessary to assist the council and perform such duties relating to the work of the council as the president of the council may assign. Each such employee shall serve at the pleasure of the council at such compensation as the council may set, and shall not be under any merit or civil service system."

Section 3.08 directs "Council not to interfere in appointments or removals. Neither the council nor any of its member shall direct or request the appointment of any person to, or his removal from, office or position by the mayor or by any of his subordinates, or in any manner take part in the appointment or removal of officers and employees in the administrative service of the city. Except for the purpose of inquiry, the council and its members shall deal with the administrative service solely through the mayor and neither the council nor any member thereof shall give orders to any subordinates of the mayor, either publicly or privately. Any councilman violating the provisions of this section, or voting for a resolution or ordinance in violation of this section, shall be guilty of a misdemeanor and upon conviction thereof shall cease to be a councilman."

Section 4.06 dictates "The mayor shall be the head of the administrative branch of the city government...He shall have the power and shall be required to: (1) Enforce all law and ordinances."

In order of relevance, the Alabama Code states

### Section 89 – Municipalities not to pass laws in conflict with general laws of state.
The legislature shall not have power to authorize any municipal corporation to pass any laws inconsistent with the general laws of this state.

### Section 95 – Impairing obligation of contracts; revival of barred rights or remedies; removal of cause of action or defense to suit after commencement of suit.
There can be no law of this state impairing the obligation of contracts by destroying or impairing the remedy of enforcement; and the legislature shall have no power to revive any right or remedy which may have become barred by lapse of time, or by any statute of this state. After suit has been commenced on any cause of action, the legislature shall have no power to take away such cause of action, or destroy any existing defense to such suit.

**Section 36-25-5(c)** –
No public official or public employee shall use or cause to be used equipment, facilities, time, materials, human labor, or other public property under his or her discretion or control for the private benefit or business benefit of the public official, public employee, any other person, or principal campaign committee as defined in Section 17-5-2, which would materially affect his or her financial interest, except as otherwise provided by law or as provided pursuant to a lawful employment agreement regulated by agency policy.

## *Upon analysis of the previously listed pertinent laws:*

In order to create an ordinance in this realm, where the Council would have use of equipment and facilities, (i.e., vehicles, print shop, finance, etc) without going through the Mayor (See Section 3.08), a multi-pronged test would need to be created to delineate the scope of use. The test would need to determine if the desired use of equipment and/or facilities fell outside of the Mayor's typical day-to-day prevue of administration or directly affects the communities and district constituents personally served by each Councilor. Said test should require justification for requested allocation of city resources and tax payer dollars, as it pertains to the scope of councillorship detailed in the Mayor-Council Act (See Section 3.07).

If, and only if, the probative value of the request is determined to substantially outweigh the daily duties governed by the Mayor, an additional checks and balances test is required to determine the order in which work order requests would be completed, as well as the guidelines for rushed or special requests. Stipulations for how requests are carried out, the completion timeline expectations, and the final decision-making responsibility would need to be set forth as well. While a request may fall clearly under the realm of the City Council, the second test would determine the standard protocol to bring said request to fruition, in terms of manpower, payroll hours, equipment operation, etc.

## *Conclusion*

After delving into the Mayor's Executive Orders, the Alabama Constitution, the Code of Alabama, the Alabama Administrative Code, and the Birmingham Municipal Code, the best way to achieve this goal would be going through a state-registered lobbyist to lobby to the Alabama State Legislature an amendment to the Mayor-Council Act of 1955 to allow for these concessions. The lobbyist would push this legislation through, for it to be passed and adopted, and only then would it be brought up as a resolution and then ordinance to be voted on and passed. <u>As the Mayor-Council Act stands today, proposing and/or voting on this matter is grounds for legal action and removal from elected office (Section 3.08).</u>

The second option involves the Council-Manager form of government, which offers slightly more authority in suggesting how duties are to be carried out. Many of the same issues would still arise, however, if given the directive I can look into and develop a plan of action under the Council-Manager form of government.

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s). |
|---|---|---|
| This form is affected by the Privacy Act of 1974  See enclosed Privacy Act Statement and other information before completing this form | ☐ FEPA<br>☒ EEOC · | 420-2016-01273 |
| | | and EEOC |

State or local Agency, if any

| Name (indicate Mr, Ms, Mrs) | Home Phone (Incl Area Code) | Date of Birth |
|---|---|---|
| **Wayne Heard** | (205) 213-9193 | |

| Street Address | City State and ZIP Code |
|---|---|
| **6834 N Clubview Cir, Bessemer, AL 35022** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others.  (If more than two, list under PARTICULARS below.)

| Name | No Employees Members | Phone No (Include Area Code) |
|---|---|---|
| **CITY OF BIRMINGHAM** | Unknown | (205) 254-2000 |

| Street Address | City, State and ZIP Code |
|---|---|
| **710 North 20th Street,  Birmingham, AL 35203** | |

RECEIVED

| Name | No Employees Members | Phone No (Include Area Code) |
|---|---|---|
| | | |

FEB 19 2016

| Street Address | City State and ZIP Code |
|---|---|
| | |

E.E.O.C.
BIRMINGHAM DISTRICT

| DISCRIMINATION BASED ON (Check appropriate box(es) ) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| | Earliest — Latest |

☒ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN

☐ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ GENETIC INFORMATION

☐ OTHER (Specify)

01-08-2016        02-17-2016

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s))

I am Black. I was hired by the above named employer on June 1, 2015, as the Executive Assistant to the Council Administrator. I performed my duties in a satisfactory manner. However, on January 8, 2016, I was informed that I was being terminated from my employment without any reason given. I was informed by my supervisor that Councilman Austin ordered her to terminate my employment.

After my termination I was contacted by Birmingham City Councilperson Kim Rafferty about a position on her staff. After meeting with her I was informed that I would be hired and would be making approximately $40,000.00 per year. However, when Councilperson Rafferty sent the paperwork to the Personnel Department to initiate the hire, she was informed that I was coded as "would not rehire." I sent a letter of appeal to the mayor, William Bell, asking that he intervene in the matter. I was informed by Councilperson Rafferty that the decision would be overturned and I would begin working on February 22, 2016. On February 17, 2016, I was informed by Councilperson Rafferty that only the City Council President, Jonathan Austin, could overturn the decision. I was

| I want this charge filed with both the EEOC and the State or local Agency, if any  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Feb 19, 2016** _Wayne_ <br> Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month day year) |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form | ☐ FEPA<br>☒ EEOC | 420-2016-01273 |
| | | and EEOC |

State or local Agency, if any

also informed by Councilperson Rafferty that Councilman Austin informed her that he was aware of my criminal background and because of it I'll never work in City Hall again. However, prior to my hire I informed my employer of my background.

I believe that I have been discriminated on the basis of race, Black, in violation of Title VII of the Civil Rights Act of 1964, as amended.



RECEIVED

FEB 19 2...

EEOC ...TRICT
BIRMINGH...

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| Feb 19, 2016      *[signature]*<br>Date        Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Birmingham District Office**

Ridge Park Place
1130 22nd Street South, Suite 2000
Birmingham, AL 35205
Toll Free: (877)-895-1802
TTY (205) 212-2069
FAX (205) 212-2105
Website: www.eeoc.gov

February 23, 2017

Mr. Wayne Heard
6379 N Clubview Circle
Bessemer, AL 35022

Re: FOIA No.:     420-2017-005066
    Charge No.:     420-2016-01273
    Charge:     Wayne Heard v. City of Birmingham

Dear Mr. Heard:

Your Freedom of Information Act (FOIA) request, received on January 23, 2017 is processed. Our search began on January 23, 2017. All agency records in creation as of January 23, 2017 are within the scope of EEOC's search for responsive records. The paragraph(s) checked below apply.

[   ]       Your request is granted.

[   ]       Your request is denied pursuant to the subsections of the FOIA indicated at the end of this letter. An attachment to this letter explains the use of these exemptions in more detail.

[   ]       Your request is procedurally denied as [   ] it does not reasonably describe the records you wish disclosed, or [   ] no records fitting the description of the records you seek disclosed exist or could be located after a thorough search, or [   ] the responsive records are already publically available. See the Comments page for further explanation.

[ X ]       Your request is granted in part and denied in part. Portions not released are withheld pursuant to the subsections of the FOIA indicated at the end of this letter. An attachment to this letter explains the use of these exemptions in more detail.

[   ]       Your request is closed for administrative reasons. An attachment to this letter further explains this closure.

[   ]       A fee of $ 0.00 is charged. Charges for manual search and review services are assessed according to the personnel category of the person conducting the search a. Fees for search services range from $5.00 per quarter hour to $20.00 per quarter hour. Direct cost is charged for computer search and in certain other circumstances. Photocopying is .18 per page. 29 C.F.R. §1610.15. The attached Comments page further explains the direct costs assessed. The fee(s) charged is computed as follows:

         [   ]      Commercial use request: [   ] pages of photocopying; [   ] quarter hour(s) of [   ] review time; and [   ] quarter hour(s) of [   ] search time. Direct costs are billed in the amount of [   ] for [      ];

[ ]      Educational or noncommercial scientific institution or a representative of the news media request: [ ] pages of photocopying. The first 100 pages are provided free of charge; and

[ X ]    All other requests: [ 50 ] pages of photocopying and [ ] quarter hour(s) of search time. Direct costs are billed in the amount of [ ] for [ ]. The first 100 pages and the first two hours of search time are provided free of charge.

[ ]      Please submit payment of $ 0.00 by either:

      (1) Credit card at **pay.gov.** Visa, MasterCard, American Express and Discover credit cards are accepted. Debit cards bearing the Visa or MasterCard logo are also accepted. We will finish processing your request after EEOC receives a copy of your pay.gov credit or debit card receipt or

      (2) Check, payable to the United States Treasurer, to the address above.

[ X ]    The disclosed records are enclosed. No fee is charged because the cost of collecting and processing the chargeable fee equals or exceeds the amount of the fee. 29 C.F.R. § 1610.15(d).

[ ]      The disclosed records are enclosed. Photocopying and search fees have been waived pursuant to 29 C.F.R. § 1610.14.

[ ]      I trust that the furnished information fully satisfies your request. If you need any further assistance or would like to discuss any aspect of your request please do not hesitate to contact the FOIA Professional who processed your request or our FOIA Public Liaison (see contact information in above letterhead or under signature line).

[ X ]    You may contact the EEOC FOIA Public Liaison for further assistance or to discuss any aspect of your request. In addition, you may contact the Office of Government Information Services (OGIS) to inquire about the FOIA mediation services they offer.

      The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, email at ogis@nara.gov; telephone at (202) 741-5770; toll free 1-877-684-6448; or facsimile at (202)741-5769.

      The contact information for the FOIA Public Liaison: (see contact information in above letterhead or under signature line).

[ X ]    If you are not satisfied with the response to this request, you may administratively appeal in writing. Your appeal must be postmarked or electronically transmitted in 90 days from receipt of this letter to the Office of Legal Counsel, FOIA Programs, Equal Employment Opportunity Commission, 131 M Street, NE, 5NW02E, Washington, D.C. 20507, or by fax to (202) 653-6034, or by email to FOIA@eeoc.gov. https://publicportalfoiapal.eeoc.gov/palMain.aspx. Your appeal will be governed by 29 C.F.R. § 1610.11.

[ X ]         See the attached Comments page for further information.

Sincerely,

Delner Franklin-Thomas
District Director
205-212-2069
BIRMFOIA@eeoc.gov

Applicable Sections of the Freedom of Information Act, 5 U.S.C. § 552(b):

## Exemption Codes Used:

(b)(5), Exemption (b)(5) permits withholding documents that reflect the analyses and recommendations of EEOC personnel generated for the purpose of advising the agency of possible action. This exemption protects the agency's deliberative process, and allows nondisclosure of "inter-agency or intra-agency memorandums or letters which would not be available to a party other than an agency in litigation with the agency." 5 U.S C. § 552(b)(5). The exemption covers internal communications that are deliberative in nature. National Labor Relations Board v. Sears, Roebuck & Co., 421 U.S. 132 (1975); Hinckley v. United States, 140 F.3d 277 (D.C. Cir. 1998); Mace v. EEOC, 37 F.Supp. 2d 1144 (E.D. Mo. 1999). The purpose of the deliberative process privilege is to "allow agencies freely to explore alternative avenues of action and to engage in internal debates without fear of public scrutiny." Missouri ex. rel. Shorr v. United States Corps of Eng'rs., 147 F.3d 708, 710 (8th Cir. 1998).

## EXEMPTION 5

1. Charge Detail Inquiry (2 Pages; 3 Lines Redacted)
2. Recommendation Memorandum 12/12/16 (2 Lines Redacted)
3. Assessment Form 2/22/16 (2 Pages)

(b)(7)(C), Exemption (b)(7)(C) authorizes the Commission to withhold: records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy . . . . The seventh exemption applies to civil and criminal investigations conducted by regulatory agencies. Abraham & Rose, P.L.C. v. United States, 138 F.3d 1075, 1083 (6th Cir. 1998). Release of statements and identities of witnesses and subjects of an investigation creates the potential for witness intimidation that could deter their cooperation. National Labor Relations Board v. Robbins Tire and Rubber Co , 437 U.S. 214, 239 (1978). "Personal privacy" only encompasses individuals, and does not extend to the privacy interests of corporations. FCC v. AT & T Inc., 131 S.Ct. 1177, 1178 (2011).

EXEMPTION 7C

1. Redacted personal information about third parties, such as names, addresses, telephone numbers, social security numbers, and driver's license numbers, the disclosure of which would invade personal privacy. (2 Pages)

For a full description of the exemption codes used please find them at the following URL:

https://publicportalfoiapal.eeoc.gov/palMain.aspx

This response was prepared by [Toniko D. Noland], [Government Information Specialist], who may be reached at [205-212-2069].

## CASE LOG

### (Continue on Reverse)

| Charge No. | Respondent | Charging Party |
| --- | --- | --- |
| 420-2016-02173 | City of Birmingham | Wayne Heard |

| Date | Action | Entered By | Reviewed/Approved |
| --- | --- | --- | --- |
| 2/19/2016 | Initial Inquiry Received in Office:  Walk In _____x_____ . | MH | |
| | Mail in _____ .                  ADC_____ | | |
| 2/19/2016 | Assigned for Processing | MH | |
| 2/19/2016 | CP Interview | MH | |
| 2/19/2016 | Form 5 Drafted | MH | |
| 2/19/2016 | PCHP submitted for assessment | MH | |
| | Form 131 _____X_____ / Form 131 no action_____ sent | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

EEOC Form 159 (10/94)

Run       11/15/2016                     **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**                    Page     2   of     3
Time      12 23 40                               Charge Detail Inquiry

---

| CHARGE # 420 2016 01273C | FORMALIZED OFFICE 420 | STAFF ERNEST MARSHAL | DATE INITIAL INQUIRY | 02/19/2016 |
| LEAD CHARGE # | ACCOUNTABILE OFFICE 420 | UNIT 1 | DATE FIRST OFFICE | 02/19/2016 |
| FEPA # | | | DATE DISTRICT | 02/19/2016 |

**CHARGING PARTY INFORMATION**

| | | | | | THIS OFFICE DATE | 02/19/2016 |

Heard, Wayne                                              Home       (205) 213-9193     Race
6379 N Clubview Cir                                       Work
                                                         Cell       (205) 213-9193

Bessemer                    AL    35022    Country    USA
Sex   M        Date of Birth [REDACTED]    Nat Origin
Email Address

---

**CHARGING PARTY CONTACT**

---

**RESPONDENT INFORMATION**

CITY OF BIRMINGHAM                                        Phone     (205) 254-2000     FAX
710 North 20th Street                                     R Type    G                  SMSA   1000

Birmingham                  AL    35203    Country    USA
Size   Unknown Number Of Employees
EEO1 HDQ                    EEO1 Unit
NAICS Code   921190    Other General Government Support
Email Address

---

**RESPONDENT CONTACT**

Respondent Contact Information
Fredric Fullerton - City Attorney
CITY OF BIRMINGHAM
Law Department
710 20th Street North Room 600 City Hall
Birmingham, AL 35203 Country: USA Phone: (205) 254-2369 Email Address: fredric.fullerton@birminghamal.gov

---

**PROCESSING INFORMATION**

| | | | | | | (5)(5) |
| Communication Method | W | Source of Complaint | A | Processing Type | O | Processing Category | 1 Line Redacted |
| Subpoena | | Suspense | | Transfer From: | | Deferral Office | |
| Staff | MICHAEL ALBERT | | | Staff Assigned Date | 5/2/2016 | Staff Function/Unit | E3 |
| Last Action | 07/11/2016 14 G4 CP Contact/Interview Office. 420 F/U E3 Del A | | | | | | |
| Final Closure Action | | | | | | | |

**ALLEGATIONS**

| Alleg # | 1 | SBI: T | RB D2 | Cont Act? | N | Litigation? | | Cause? | First DOV | 01 08/2016 | Last DOV | 02/17/2016 |
| Alleg # | 2 | SBI: T | RB H2 | Cont Act? | N | Litigation? | | Cause? | First DOV | 01 08/2016 | Last DOV | 02/17/2016 |

**BENEFITS**

**ACTION HISTORY**

| Date | Seq | Code | Description | Attributes | Office | F/U | Del |
|------|-----|------|-------------|------------|--------|-----|-----|
| 02/19/2016 | 1 | G1 | Assigned To Staff | 1 MRH 2.W | 420 | I1 | |
| 02/19/2016 | 2 | AB | Formalize Charge | (5)(5) | 420 | I1 | |
| 02/19/2016 | 3 | B6 | Assign Processing Category | 1 Line Redacted | 420 | I1 | |
| 02/19/2016 | 4 | G4 | CP Contact/Interview | | 420 | I1 | |

Conducted interview with CP  He asserts that he was terminated from his position as the Executive Assistant to the Council Administrator for the
Birmingham City Council on Jan 8, 2016  without a reason.  He states he was contacted by his direct supervisor and informed the City Council
President, Jonathan Austin, informed her, Cheryl Kidd that he needed to be terminated but did not give a reason  He states after the
termination he was contacted by Council person Kim Rafferty about a position on her staff  He states he was interviewed and she started the
hiring process when it was discovered that he had been coded will not rehire  He states that he contacted Mayor William Bell regarding the
incident and was informed that the code would be overturned.  However, he was contacted by Council person Rafferty and informed by the
personnel department that Councilman Austin was the only person that could change the hire code.  According to CP Council person Rafferty
informed her that Councilman Austin indicated that he knew about CP's criminal history and because of it he would never hold another position in
City Hall.

| 02/22/2016 | 5 | J5 | Identified For Mediation | | 420 | I1 | |
| 02/22/2016 | 6 | B4 | Send to Function/Unit | 1 B 2 1 3 P | 420 | I1 | |

| 02/23/2016 | 7 | G1 | Assigned To Staff | 1 JJ 2 A | 420 | B1 | Y |
| 02/23/2016 | 9 | G1 | Assigned To Staff | 1 JJ 2 A | 420 | B1 | |
| 03/17/2016 | 8 | G9 | Position Statement Received<br>Respondent uploaded position statement | | 420 | B1 | |
| 04/28/2016 | 10 | B4 | Send to Function Unit | 1:E 2 3 3 P | 420 | B1 | |
| 04/28/2016 | 11 | G1 | Assigned To Staff | 1 EDB 2 A | 420 | E3 | |
| 05/02/2016 | 12 | G1 | Assigned To Staff | 1 MGA 2 W | 420 | E3 | |
| 06/22/2016 | 13 | G4 | CP Contact/Interview<br>sent CP PS  Rebut due July 13 2016 | | 420 | E3 | |
| 07/11/2016 | 14 | G4 | CP Contact/Interview | | 420 | E3 | |

**IMS NOTES**

| | | | | | |
|---|---|---|---|---|---|
| Note Date | 03/08/2016 | Subject | Note | Created By | Jones  Jonathan |
| | Note No charge in file  Returned to unit 1 | | | | |
| Note Date | 06/22/2016 | Subject | PS to CP | Created By | Albert, Michael G |
| | Note inv sent CP the PS<br>Rebut due 13 July, 2016 | | | | |
| Note Date | 07/11/2016 | Subject | CP phone | Created By | Albert, Michael G |
| | Note CP phoned in  Stated his address was wrong, however he did receive PS. (address entered wrong in IMS | | | | (i)(6) |
| | 1 line Redacted<br>inv corrected address and gave CP additional 2 days for rebut | | | | |
| Note Date | 11/15/2016 | Subject | CP correspond  Office visit | Created By | Albert, Michael G |
| | Note CP came by office on November 10 to get a copy of form 5<br>inv sent form 5 to CP by email<br>inv analyze CP rebut<br>CP was appointed, not considered Employer/Employee relationship per statute (as per Enforcement Manager)<br>inv prepare file for closure | | | | |

EEOC Form 161 (11/16)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: Wayne Heard<br>6379 N Clubview Cir<br>Bessemer, AL 35022 | From: Birmingham District Office<br>Ridge Park Place<br>1130 22nd Street<br>Birmingham, AL 35205 |

|  | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) |

| EEOC Charge No | EEOC Representative | Telephone No |
|---|---|---|
| 420-2016-01273 | MICHAEL G. ALBERT,<br>Investigator | (205) 212-2111 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[X] Other (briefly state)    No Employer/Employee relationship

## - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal or of your right to sue that we will send you You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Enclosures(s)

Delner Franklin-Thomas,
District Director

(Date Mailed)

cc:   CITY OF BIRMINGHAM
Fredric Fullerton
City Attorney
Law Department
710 20th Street North  Room 600 City Hall
Birmingham, AL 35203

Enclosure with EEOC
Form 161 (11/16)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

PRIVATE SUIT RIGHTS   --   **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should keep a record of this date. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice** was *mailed* to you (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

## PRIVATE SUIT RIGHTS   --   Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice *and* within the 2- or 3-year EPA back pay recovery period.

## ATTORNEY REPRESENTATION   --   Title VII, the ADA or GINA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

## ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

EEOC Form 291 (2/08)

# MEMORANDUM

## RECOMMENDATION FOR CLOSURE

TO:     Eless Brown, Enforcement Manager                   CHARGE NO.      420-2016-01273

FROM:  Michael Albert, Federal Investigator

SUBJECT:                Wayne Heard                               City of Birmingham
                   _Charging Party_              v.                      _Respondent_

I recommend dismissal/closure of the subject charge based on the following:

> (b)(5)
>
> 1 Line Redacted

Specific Information in support of recommendation/decision:

Charging Party (CP) alleged discrimination based on his race, Black/African-American. CP alleged he was fired and was not allowed to be rehired.

R contends CP was in a political appointment. R contends that all decision makers were of same protected group as CP. R contends CP attempted to usurp City Council authority by pleading case to Mayor, who has no authority of matters. R contends no others, outside of CP's protected groups were treated better.

The Investigation does not support the allegations of discrimination. CP did not identify anyone outside his protected group treated better. CP was in a political appointment.

The Investigator reviewed CP's case with him via phone, person, and correspondence. CP was asked to provide any additional information/evidence to support his claims and refute R's defenses. CP provided a rebut, however the information provided did not change the recommendation due to jurisdiction. CP argued that political appointees have similar benefits and duties as civil employees. CP avers that appointees should be treated the same as civil employees. CP did not dispute he was an appointee. CP was informed of his rights, timeliness of filing a charge in Federal District Court.   CP verified his address via correspondence.

Dismissal of this charge     (b)(5)          is recommended based on the evidence obtained during the investigation.
                          1 Line Redacted

Decision by/
Recommendation approved by:                                           12/12/16
                                              _(Signature)_               _(Date)_

 **U.S. Equal Employment Opportunity Commission**
**Birmingham District Office**
Ridge Park Place
1130 22nd Street
Birmingham, AL 35205

## NOTICE OF CHARGE OF DISCRIMINATION

(This Notice replaces EEOC FORM 131)

### DIGITAL CHARGE SYSTEM

February 22, 2016

To: Fredric Fullerton
City Attoney
CITY OF BIRMINGHAM
fredric.fullerton@birminghamal.gov

This is notice that a charge of employment discrimination has been filed with the EEOC against your organization by Wayne Heard, under: Title VII of the Civil Rights Act (Title VII). The circumstances of the alleged discrimination are based on Race, and involve issues of Hiring and Discharge that are alleged to have occurred on or about Jan 08, 2016 through Feb 17, 2016.

The Digital Charge System makes investigations and communications with charging parties and respondents more efficient by digitizing charge documents. The charge is available for you to download from the EEOC Respondent Portal, EEOC's secure online system.

Please follow these instructions to view the charge within ten (10) days of receiving this Notice:

1. Access EEOC's secure online system: **https://nxg.eeoc.gov/rsp/login.jsf**
2. Enter this EEOC Charge No.: **420-2016-01273**
3. Enter this password: ███████ 1 Line Redacted

Once you log into the system, you can view and download the charge, and electronically submit documents to EEOC. The system will also advise you of possible actions or responses, and identify your EEOC point of contact for this charge.

If you are unable to log into the EEOC Respondent Portal or have any questions regarding the Digital Charge System, you can send an email to birmingham.intake@eeoc.gov.

## Preservation of Records Requirement

EEOC regulations require respondents to preserve all payroll and personnel records relevant to the charge until final disposition of the charge or litigation. 29 CFR §1602.14. For more information on your obligation to preserve records, see http://eeoc.gov/employers/recordkeeping.cfm.

## Non-Retaliation Requirements

The laws enforced by the EEOC prohibit retaliation against any individual because s/he has filed a charge, testified, assisted or participated in an investigation, proceeding or hearing under these laws. Persons filing charges of discrimination are advised of these Non-Retaliation Requirements and are instructed to notify EEOC if any attempt at retaliation is made. For more information, see http://www.eeoc.gov/laws/types/facts-retal.cfm.

## Legal Representation

Although you do not have to be represented by an attorney while we handle this charge, you have a right, and may wish to retain an attorney to represent you. If you do retain an attorney, please provide the attorney's contact information when you log in to the online system.

Please retain this notice for your records.

 U.S. Equal Employment Opportunity Commission

## FEDERAL INVESTIGATION:
## REQUEST FOR POSITION STATEMENT
## AND SUPPORTING DOCUMENTARY EVIDENCE

EEOC hereby requests that your organization submit within 30 days a Position Statement setting forth all facts which pertain to the allegations in the charge of discrimination under investigation, as well as any other facts which you deem relevant for EEOC's consideration.

We recommend you review EEOC's resource guide on "Effective Position Statements" as you prepare your response to this request.

### Fact-Based Position Statement
This is your opportunity to raise any and all defenses, legal or factual, in response to each of the allegations of the charge. The position statement should set forth all of the facts relevant to respond to the allegations in the charge, as well as any other facts the Respondent deems pertinent to EEOC's consideration. The position statement should only refer to, but not identify, information that the Respondent asserts is sensitive medical information, or confidential commercial or financial information.

EEOC also requests that you submit all documentary evidence you believe is responsive to the allegations of the charge. If you submit only an advocacy statement, unsupported by documentary evidence, EEOC may conclude that Respondent has no evidence to support its defense to the allegations of the charge.

EEOC may release your position statement and non-confidential attachments to the Charging Party and her representative and allow them to respond to enable the EEOC to assess the credibility of the information provided by both parties. It is in the Respondent's interest to provide an effective position statement that focuses on the facts. EEOC will not release the Charging Party's response, if any, to the Respondent.

If no response is received to this request, EEOC may proceed directly to a determination on the merits of the charge based on the information at its disposal.

### Signed by an Authorized Representative
The Position Statement should be signed by an officer, agent, or representative of Respondent authorized to speak officially on its behalf in this federal investigation.

## Segregate Confidential Information Into Separately Designated Attachments

If you rely on confidential medical or commercial information in the position statement, you should provide such information in separate attachments to the position statement labeled "Sensitive Medical Information," "Confidential Commercial or Financial Information," or "Trade Secret Information" as applicable. Provide an explanation justifying the confidential nature of the information contained in the attachments. Medical information about the Charging Party is not sensitive or confidential medical information in relation to EEOC's investigation.

Segregate the following information into separate attachments and designate them as follows:

a. Sensitive medical information (except for the Charging Party's medical information).
b. Social Security Numbers
c. Confidential commercial or financial information.
d. Trade secrets information.
e. Non-relevant personally identifiable information of witnesses, comparators or third parties, for example, social security numbers, dates of birth in non-age cases, home addresses, personal phone numbers and email addresses, etc.
f. Any reference to charges filed against the Respondent by other charging parties.

### Requests for an Extension

If Respondent believes it requires additional time to respond, it must, at the *earliest possible time* in advance of the due date, make a written request for extension, explain why an extension is necessary, and specify the amount of additional time needed to reply. Submitting a written request for extension of time does not automatically extend the deadline for providing the position statement.

### Upload the Position Statement and Attachments into the Respondent Portal

You can upload your position statement and attachments into the Respondent Portal using the **+ Upload Documents** button. Select the "Position Statement" Document Type and click the **Save Upload** button to send the Position Statement and attachments to EEOC. Once the Position Statement has been submitted, you will not be able to retract it via the Portal.

July 10, 2016

Federal Investigator Michael Albert

Ridge Park Place

1130 22nd Street South, Suite 2000

Birmingham, AL 35205

RE: EEOC Charge Number: 420-2016-01273

Dear Mr. Albert:

       I, Wayne Heard Jr.(BM), write today in response to the City of Birmingham's (hereinafter "City") response and position statement to my charge of discrimination. By making this response, I, Wayne Heard Jr., do not waive any of my claims and reserve all of my plaintiff's rights and contentions. I will set out to prove via relevant evidence and facts that although Mr. Fullerton, Chief Assistant City Attorney, for the City responded on behalf of the City, he failed to address the charge of discrimination on the basis of race and criminal arrest history.

       In review of the City's position statement in Claim No. 420-2016-01273, the City has taken the position that I, Wayne Heard, worked in the roll of Executive Assistant, which is a political appointment with the Office of the City Council for the City of Birmingham. The City goes on to assert that thusly, I was a political appointee, not a civil service employee and all appointed personnel in the City Council's office serve at the discretion of the City Council President (Johnathan Austin (BM)) and can be terminated for any reason without the luxury of appeal rights to the Jefferson County Personnel Board.

During the course of my tenure as Executive Assistant to the City Council, I was subject to the same employee orientation as civil service employees. My pay check and pension was dispersed and drawn through the same methods and accounts as civil service employees. I underwent the same physical and drug screen as civil service employees. I drove City vehicles and operated City Equipment the same as civil service employees. I fueled said City vehicles via a gas card just the same as all other civil service employees. I received health benefits such as insurance and gym access, through human resources just the same as all civil service employees. Quite

WH                                                                                                      1

simply, all of the aforementioned and the mere fact my charge of discrimination was filed with the EEOC and answered by a city attorney with the City just the same as any other civil service employee's charge would be, solidifies the fact the City accepts liability for appointed employees and civil service employees the same. Thus, I differ in no way from a civil service employee in this matter.

I, Wayne Heard Jr., began my employment on or about June 1, 2015 as Executive Assistant. My salary was $50,000.00 a year. My direct Supervisor was the City Councilor Administrator Cheryl Kidd (BF). On January 8, 2016 I was informed by Ms. Kidd my employment was being terminated at the demand of City Council President Johnathan Austin. My file was then categorized as "would not rehire." Because the label of would not rehire can and usually does adversely affects future employment in terms of job reference checks, I wrote a letter of appeal to the Mayor William A. Bell Sr. asking that he intervene. Councilor Kimberly Rafferty then offered me, Wayne Heard Jr., employment as committee assistant. During the course of her request for onboarding of my services, she was told the "would not rehire" categorization prevents her from hiring me.

Council President Johnathan Austin stated to Councilor Rafferty with a grin that the reason for terminating me, Wayne Heard, and blocking rehire was because he *"knows about my criminal record and because of that Wayne Heard will never work in City Hall again."*

Councilor Rafferty reached out to the Mayor and City Attorney's office seeking an opinion on the due process or lack thereof in Council President Johnathan Austin's motives and subsequent moves. In response to Councilor Rafferty's inquiry for clarity in this matter Deputy City Attorney Thomas Bentley III, who is Mr. Fullerton's superior, responded:

*"Here's what I think. Before stigmatizing an employee with a "would not rehire" designation an opportunity for the employee to clear his name should be given. This hearing would not be for the purposes of gaining reinstatement, but would provide an opportunity for the employee to avoid the damage to future employment opportunities. This is the opinion I plan to give the Chief of Operations and the Mayor. I will make other recommendations as well. Please understand that this position in no way is meant to undermine or diminish the authority of the Council, or the Council President on its behalf, to appoint or remove Council employees. This opinion is based on an interpretation of constitutional due process demands.
TBIII"(Deputy City Attorney Thomas Bentley)*

In response to the opinion given by the City Attorney, on February 26, 2016, Chief

WH                                                                                          2

of Operations for the City, Jarvis E. Patton, wrote to the director of Human Resources. The letter stated as follows:

*"Mayor Bell has requested the immediate and swift removal of the "DO NOT HIRE" designation placed on Mr. Wayne Heard's employment record, as per information received from Mr. Thomas Bentley, Law Department." (Jarvis E. Patton, Chief of Operations)*

Later that same day, February 26, 2016, Council Administrator Cheryl Kidd forwarded me an email from the Occupational Health Manager/ Human Resources with an "Pre-Employment order" for a physical and drug screening to occur February 29, 2016 at 12:00 noon. The textual part of that message stated as follows:

*"Attached is the Order for Medical Treatment form for, Wayne Heard, an employment candidate applying for a Council Committee Assistant position with the City Council  Mr. Heard will need a non-DOT employment drug screen and shall present (with the attached document) to ATG on Monday, February 29, 2016 at 12:00 noon." (Michelle H. Taylor, Occupational Health Manager, Human Resources)*

On Monday, February 29, 2016, I did a pre-employment physical and drug screen. I also took a private drug test that same day with the passing results attached.

Councilor Kim Rafferty stated to me that Council President Johnathan Austin was still blocking her hiring me. She mentioned that he possibly had been threatening the employment of the other council positions if they cooperated in due process by hiring me. She sent an email to Council President Johnathan Austin, Council Administrator Cheryl Kidd and Deputy Council Administrator Chaz Mitchell on March 7, 2016 that stated as follows:

*"Reviewing the fact that Council President continues to exert control over the staffing of individual council offices; regardless that they duly qualify as hirable under the personnel department of the City of Birmingham and that it really should not be any of his damn business; I am going to retract my request to hire Wayne Heard and instead, place a hire request in for Lou Willie, IV.*
*The salary is set at $40,000 annually." (Councilor Kimberly Rafferty,* Kim.Rafferty@birminghamal.gov, selbi@bellsouth.net, (205) 296-6890)

By the City's own admission in their position statement, they agree I, Wayne Heard, am (1) a member of a protected class, (2) I was qualified for my position, (3) I was subject to adverse employment action.

The City goes on to say I fail to show that my employer (The City of Birmingham) treated similarly situated outside my protected class more favorably. To continue

WH                                                                                                                    3

addressing the City's position, it is prudent to note that on February 4, 2016, Department of Justice stood with Mayor William Bell as he signed an Executive Order into Law to "Banning the Box. That Executive Order is attached as well as the Statement from the Department of Justice. The Ban the Box is meant to give *"people with a criminal history a fair shot to compete for jobs and a chance to be judged on their qualifications." (United States Deputy Secretary of Labor Chris Lu)*

*"People with criminal records suffer from discrimination in many areas of life, including employment opportunities; and*

*WHEREAS: The City of Birmingham is committed to modeling fair hiring practices for all Alabama employers; and...*

*WHEREAS: Research by the Equal Employment Opportunity Commission and the Dannon Project, a Department of Labor grantee, a non-profit organization, (offering job training education and case management assistance to individuals leaving prison so they can become self-sufficient and responsible members of the community) indicates that stable employment is one of the best predictors of post-conviction success; and...*

*WHEREAS: "Ban the Box" is a policy intended to improve public safety, enhance workforce development, and provide increased civil service employment opportunities for applicants with criminal convictions on their records by removing the criminal history related questions from the initial stage of the civil service employment application process. Such policies allow returning citizens an opportunity to explain their unique circumstances in person to a potential employer; and*

*WHEREAS: Such a policy removes questions related to a job applicant's criminal record in the initial stage of many employment applications, thereby preventing the conviction from serving as an immediate reason for screening out an applicant when the conviction may have little or no bearing on the work to be performed; and*

*WHEREAS: The City of Birmingham should be a part of the vanguard of states and municipalities across the county who have adopted hiring practices to remove unfair barriers to employment of people with criminal records; and*

*WHEREAS: The City of Birmingham is positioned to enhance its reputation as regional and national leader by being the largest city in the state of Alabama to implement a fair hiring policy for applicants with criminal records; and*

*WHEREAS: The U.S. Equal Employment Opportunity Commission, to maximize compliance with federal anti-discrimination law, recommends delaying inquiry of a job applicant's conviction history and considering the job-relatedness of the conviction;"* (City of Birmingham Executive Order to Ban the Box)

WH                                                                                   4

It is, here and now, incumbent upon the City to prove that (1) my, Wayne Heard, 2012 conviction of illegal possession of prescription drugs, embargos me from effectively doing the job duties of Executive Assistant and Committee Assistant, (2) that drug related offenses occurred during my tenure as Executive Assistant that made it impossible for me to do my job effectively.

I disclosed my criminal record to my immediate supervisor before I was hired. I passed a drug screening before I was hired as executive assistant. I passed a drug screening after my tenure as executive assistant and during the course of Councilor Rafferty attempting to hire my services as Committee Assistant. I received favorable marks and high praises during my tenure as Executive Assistant. I never received any individual written reprimands as to the quality of my work. By their position, I am duly qualified to perform the duties that were assigned to me in the role of Executive Assistant.

The job description for Executive Assistant is as follows:

### EXECUTIVE ASSISTANT

*Reports to: Council Administrator Job description:*

*Performs administrative services for the Council President and Council Administrator; assists with other clerical requests as needed.*

*Job responsibilities and duties:*

*Maintains daily appointment schedule for Administrator and assists with correspondence of the Council President as directed.*

*Takes dictation and transcribes letters, reports and memoranda; composes and types correspondence based on knowledge of Council matters and policies; and composes and/or types Council resolutions per request of the Council office.*

*Knowledgeable in all aspects of activities related to the Administrator and Council President's office.*

*Assists with event planning. Completes projects and special assignments by establishing objectives; determining priorities; managing time; gaining cooperation of others; monitoring progress; problem-solving; making adjustments to plans.*

*Prepare weekly agenda that Administrator needs to facilitate staff meetings and Committee Round-Up as directed.*

*Assists with the retrieval of weekly status updates on employees' assignments.*

WH                                                                                          5

*Maintains customer confidence and protects operations by keeping information confidential.*

*Front desk coverage as needed; welcomes guests and customers by greeting them, in person or on the telephone; answering or directing inquiries.*

*Assists the Administrator in the implementation/oversight of clerical policies and procedures, assist with the planning, assignments, and reviewing of work of administrative personnel; assists in setting work priorities; and training administrative staff in office logistics and procedures.*

*Assists in preparation of the Committee of the Whole agenda and Administration/Education Committees; obtaining necessary documents for all items included therein. and coordinates requests of the Mayor's staff as needed at the meeting.*

*Assists Administrator in the management of all Human Resource functions for the City Council office – Excel spreadsheet maintenance of city issued equipment and parking validation. Assists in the compilation of employee intake files*

*Maintains professional and technical knowledge by attending educational workshops; reviewing professional publications; establishing personal networks; participating in professional societies*

*Performs other duties that are related to achieving the goals and objectives of the Council's office as directed by the Council Administrator or the Administrator's designee. "* **(Birmingham City Council Employee Handbook)**

I can confidently say I went over and above in my job. I was terminated but the position of Executive Assistant is one of higher standards, one of elevated morals, and intellectual aptitude because of my civil service in that position to the City of Birmingham.

Respondent has not provided a non-discriminatory reason for the wrongful termination and the actions taken to keep me from obtaining employment with the City of Birmingham. I ask that you review the evidence presented and continue the investigation regarding my allegations of discrimination. If the evidence does not warrant further investigation, please contact me and advise what my options are going forward on EEOC Charge Number: 420-2016-01273

Respectfully,

Wayne Heard Jr.
6379 N Clubview Circle
Bessemer, AL 35022

WH                                                                                                              6

From: **Wayne Heard** wayne.heard.jr@gmail.com 
Subject: Claimant Response EEOC Charge Number: 420-2016-01273
Date: July 11, 2016 at 9 49 PM
To: michael.albert@eeoc.gov

Dear Investigator Albert,

Please find attached my response to the City of Birmingham's position statement in EEOC Charge Number: 420-2016-01273. In short, I hope my letter and evidence shows the respondent has not provided a non-discriminatory reason for the wrongful termination and the actions taken to keep me from obtaining employment with the City of Birmingham. I ask that you review the evidence presented and continue the investigation regarding my allegations of discrimination. If the evidence does not warrant further investigation, please contact me and advise what my options are going forward on EEOC Charge Number: 420-2016-01273. I am delivering the attached materials as well as faxing them also. Thank you for your time.

Best regards,

Wayne Heard Jr.

205.213.9193

6379 N Clubview Circle

Bessemer, AL 35022

**Goals/Expectation for 2015-16 fiscal years:  Performance**

➢ Mr. Heard your progress to date meets expectation.  You will, should you keep the path
you are on, prove to be invaluable to the department.

➢ It is important that you develop a routine for your task

- o  Check my mailbox
- o  Disseminate mail
- o  Review any phone calls I have not returned  · *Purlips  System*
- o  Birds - Eye –View
- o  Minutes – *Save   talk , loc.,  Camorth   tuned  up  /in  Desk ! /*
- o  Daily pulse  _  *Brian*
- o  What's happening *Anything*

Job Description:

**Job responsibilities and duties:**

- •  Maintains daily appointment schedule for Administrator and assists with
correspondence of the Council President as directed.

- •  Maintains office confidence and protects operations by keeping information
Confidential and avoid all manner of impropriety.

- •  Ensures that minutes of various assigned meetings are prepared and distributed as
directed; and prepares letters, reports and memoranda; composes and types
correspondence based on knowledge of Council matters and policies; and composes

     and/or types Council resolutions per request of the Council office.  *God - Up*

- •  Knowledgeable in all aspects of activities related to the Administrator and Council
President's office.

- •  Assists with event planning. Completes projects and special assignments by
establishing objectives; determining priorities; managing time; gaining cooperation of
others; monitoring progress; problem-solving; making adjustments to plans

- •  Front desk coverage as needed; welcomes guests and customers by greeting them, in
person or on the telephone; answering or directing inquiries.  *put -up*

- Prepare weekly agenda that Administrator needs to facilitate staff meetings and Committee Round-Up as directed.

- Provide research on various projects as requested.

- Assists with the retrieval of weekly status updates on employees' assignments.

- Assists the Administrator in the implementation/oversight of clerical policies and procedures, assist with the planning, assignments, and reviewing of work of

  administrative personnel; assists in setting work priorities; and training administrative

  staff in office logistics and procedures.

- Assists in preparation of the Committee of the Whole agenda and Administration/Education Committees; obtaining necessary documents for all items included therein, and coordinates requests to the Mayor's staff as requested.

- Coordinate the logistics and run errands on behalf of the Council.

- Assist with the implementation, planning and coordination of events associated with the summer intern program-BCC Institute.

- Prepare morning briefing for the Administrator on current event as a supplement to what is provided by the PIO team members.   -

- Display a team spirit by assisting in areas that will advance the goals and objective of the council.

### Summary:

Need you to build on your ability to anticipate the needs in the office. As you learn your confidence will soar. Learn the culture of the office, which entails observing/listening more than you are contributing to the processes initially—but always trust your gut. Nevertheless, be open to push back from those that are senior in tenure and experience. Observing and listening more than you are critiquing the processes, is a great way to earn respect and learn quickly. Ask lots of questions and absorb all you can.

Welcome aboard again, and look forward to our working relation.

From: **Kim Rafferty** solbr@bellsouth.net 🖉
Subject: Fwd Ban the Box
Date: February 4, 2016 at 1:01 PM
To: Wayne Heard wheard@fitnesslaw.org

FYI

Kimberly S. Rafferty
(205) 296-6890

Begin forwarded message:

From: "Odom  April A " <April.Odom@birminghamal.gov>
Date: February 4  2016 at 12.36 37 PM CST
To: "Austin, Johnathan F" <Johnathan.Austin@birminghamal.gov>, "Parker, William A." <William.Parker@birminghamal.gov>, "Lundy,
Marcus G" <Marcus.Lundy@birminghamal.gov>, "Hoyt, Steven W." <Steven.Hoyt@birminghamal.gov>, "Abbott, Valerie A."
<Valerie.Abbott@birminghamal.gov>, "Tyson, Sheila" <Sheila.Tyson@birminghamal.gov>, "Roberson, Ja."
<Jay.Roberson@birminghamal.gov>, "Rafferty, Kimberly" <Kim.Rafferty@birminghamal.gov>, "Scales, Lashunda F."
<Lashunda.Scales@birminghamal.gov>
Cc: "Herd  Michelle M " <Michelle.Herd@birminghamal.gov>  "Hunter, Courtney D." <Courtney.Hunter@birminghamal.gov>, "Kidd, Cheryl"
<Cheryl.Kidd@birminghamal.gov>, "Mitchell, Chaz C." <Chaz.Mitchell@birminghamal.gov>, "Brown, Alicia M."
<Alicia.Brown@birminghamal.gov>, "Edwards, Tanitya" <Tanitya.Edwards@birminghamal.gov>, "Silmon, Donald T."
<Donald.Silmon@birminghamal.gov>, "Kennedy, Jennifer A " <Jennifer.Kennedy@birminghamal.gov>
Subject: Ban the Box



# Department of Justice

### United States Attorney Joyce White Vance
### Northern District of Alabama

| | | |
|---|---|---|
| **FOR IMMEDIATE RELEASE** | CONTACT: | Peggy Sanford |
| DATE:   February 4, 2016 | PHONE: | 205-244-2020 |
| www.usdoj.gov/usao/aln | FAX: | 205-244-2171 |

## City of Birmingham Bans the Box on Employment Applications

*U.S. Attorney and Department of Labor Applaud Birmingham as First in Alabama
to Make the Change*

BIRMINGHAM – The City of Birmingham is now the first city in Alabama to "Ban

the Box" on its hiring applications, a move that should help ex-offenders find jobs and decrease the likelihood that they will return to prison.

Birmingham Mayor William A. Bell, U.S. Attorney Joyce White Vance, U.S. Deputy Secretary of Labor Chris Lu, and The Dannon Project Executive Director Kerri Pruitt announced the change today in a press conference at the U.S. Attorney's Office.

In Alabama, more than 30,000 people are in prison or jail. The vast majority of those inmates – about 95 percent – will eventually return to the community. In Jefferson County alone, about 2,000 people return from prison annually.

"The city will continue to lead the way by expanding existing programs and furthering our reach," Mayor Bell said. "There is no such thing as a disposable person. We must take the time and make the effort to offer second chances to the thousands of people impacted by these statistics."

"There is strong data showing that finding a job substantially reduces an ex-offender's likelihood of returning to prison," U.S. Attorney Vance said. "For those who believe former inmates are unsafe or unfit for the workplace, there is also ample data showing that employed ex-offenders have better retention rates, better performance metrics, and pose no greater risk within the workplace than those without a conviction history."

"Birmingham is taking an important step to give people with a criminal history a fair shot to compete for jobs and a chance to be judged on their qualifications," said Deputy Secretary Lu. "I applaud the leadership of Mayor Bell and U.S. Attorney Vance, and I look forward to working with them to support the full re-entry of ex-offenders."

"We are very thankful for the opportunity to educate returning citizens, as well as the extended community, about the valuable support that Ban the Box offers in giving everyone equal access to employment," said Dannon Director Pruitt.

Many employers require job applicants to disclose conviction and arrest history on the initial job application. Often, when that disclosure is made, the applicant is immediately removed from further consideration for employment. The national "Ban the Box" campaign encourages governments and private employers to delay consideration of offense history within the hiring process.

Data shows that ex-offenders who are able to find a job are about half as likely to reoffend as those who are unable to find employment. Removing barriers to a successful return to society for individuals coming out of prison helps them become productive members of society and reduces the likelihood they will commit new crimes.

More than 100 cities and counties and 19 states, including Georgia, have joined companies like Walmart, Target, Home Depot and Koch Industries to ban the box. Late last year, President Obama called upon the Office of Personnel Management to ban the box within federal employment applications.

In Alabama, Jefferson County sends more people to state prison than any other county, which underscores the important role the City of Birmingham has taken in removing the conviction box from its initial employment applications.

### 

April Odom, Director
Mayor's Office of Public Information
Mayor William A. Bell, Sr.
City of Birmingham, Alabama
United States
+1 205.807.7411

| OFFICE OF MAYOR | | Number: |
| --- | --- | --- |
| Subject: CITY OF BIRMINGHA EXECUTIVE ORDER –<br>"Ban the Box" | | Page  1 of  3 |
| | | Effective Date: |
| | | Approved: |
| Applies to: | ( ) Original | ( X ) Revision |

| Applies to: | | |
| --- | --- | --- |
| All Employees | **WHEREAS:** | People with criminal records suffer from discrimination in many areas of life, including employment opportunities; and |
| | **WHEREAS:** | The City of Birmingham is committed to modeling fair hiring practices for all Alabama employers. and |
| | **WHEREAS:** | Too many persons with criminal records are unable to successfully re-enter their communities due to lack of employment and self-sufficiency; and |
| | **WHEREAS:** | Civil Service job applicants with criminal records represent an untapped segment of workers with skills to contribute and a desire to add value to their communities; and |
| | **WHEREAS:** | Research by the Equal Employment Opportunity Commission and the Dannon Project, a Department of Labor grantee, a non-profit organization, (offering job training education and case management assistance to individuals leaving prison so they can become self-sufficient and responsible members of the community) indicates that stable employment is one of the best predictors of post-conviction success; and |
| | **WHEREAS:** | Employment of those with criminal records promotes public safety and cost-containment by significantly reducing the risk of recidivism and incarceration; and |
| | **WHEREAS:** | "Ban the Box" is a policy intended to improve public safety, enhance workforce development, and provide increased civil service employment opportunities for applicants with criminal convictions on their records by removing the criminal history related questions from the initial stage of the civil service employment application process. Such policies allow returning citizens an opportunity to explain their unique circumstances in person to a potential employer; and |

| OFFICE OF MAYOR | | |
|---|---|---|
| | | **Number:** |
| **Subject:** CITY OF BIRMINGHA EXECUTIVE ORDER – "Ban the Box" | | **Page  2 of  3** |
| | | **Effective Date:** |
| | | **Approved:** |
| **Applies to:** | ( ) Original | (X ) Revision |

| All Employees | **WHEREAS:** | Such a policy removes questions related to a job applicant's criminal record in the initial stage of many employment applications, thereby preventing the conviction from serving as an immediate reason for screening out an applicant when the conviction may have little or no bearing on the work to be performed; and |
|---|---|---|
| | **WHEREAS:** | The City of Birmingham should be a part of the vanguard of states and municipalities across the county who have adopted hiring practices to remove unfair barriers to employment of people with criminal records; and |
| | **WHEREAS:** | The City of Birmingham is positioned to enhance its reputation as regional and national leader by being the largest city in the state of Alabama to implement a fair h ring policy for applicants with criminal records; and |
| | **WHEREAS:** | The U.S. Equal Employment Opportunity Commission, to maximize compliance with federal anti-discrimination law, recommends delaying inquiry of a job applicant's conviction history and considering the job-relatedness of the conviction; and |
| | **WHEREAS:** | The Mayor Council Act vest the Mayor with the power to appoint and remove all employees of the City (except as otherwise provided by that act) and to authorize the head of a department or office to remove subordinates in such department or office; and |
| | **WHEREAS:** | The Jefferson County Personnel Board Enabling Act and Jefferson County Personnel Board Rule 9.5 authorize the Director and the Mayor, as the Appointing Authority, to declare an applicant ineligible for recruitment and/or examination because of a conviction of a felony under state or federal law. |

| OFFICE OF MAYOR | | |
|---|---|---|
| | | **Number:** |
| Subject: CITY OF BIRMINGHA EXECUTIVE ORDER – "Ban the Box" | | **Page 3 of 3** |
| | | **Effective Date:** |
| | | **Approved:** |
| Applies to | ( ) Original | ( X ) Revision |

| | |
|---|---|
| All Employees | **NOW THEREFORE, BY VIRTUE OF THE POWER VESTED IN ME AS MAYOR OF THE CITY OF BIRMINGHAM, IT IS HEREBY**<br><br>**ORDERED:** That the Director of the Human Resources Department and all other Departments and Divisions of the City pursuant to her directions, shall implement hiring policies and procedures intended to encourage the full participation of motivated and qualified persons with criminal histories in the workforce, reduce recidivism, and assure public safety. The "Ban the Box" policy should establish practices that:<br><br>1. Prohibit the use of a criminal record as an automatic bar to employment;<br><br>2. Prevent the use of an application form that inappropriately excludes and discriminates against qualified job applicants;<br><br>3. Promote the accurate use and interpretation of a criminal record;<br><br>4. Provide qualified applicants with the opportunity to discuss any inaccuracies, contest the content and relevance of a criminal record, and provide information that demonstrates rehabilitation;<br><br>5. Request that the Director of the Personnel Board, where ever possible consistent with this order, not to automatically disqualify a potential applicant for employment with the City of Birmingham due to a conviction of a felony under state or federal law-including removing all questions related to all criminal history from the initial stage of the application process.<br><br>6. Shall not affect applications for sensitive governmental positions in which a criminal history would be an immediate disqualification and initial disclosure on such applications shall still be required.<br><br>This Executive Order shall take effect upon signing. |

Done this 4th day of February, 2016

WILLIAM A. BELL. SR.
MAYOR

**From: Rafferty, Kimberly** Kim.Rafferty@birminghamal.gov
**Subject:** Fwd: Pending tomorrows discussion
**Date:** February 19, 2016 at 2:51 PM
**To:** Wayne Heard wheard@litinesslaw.org

Ms. Kimberly S. Rafferty
Birmingham City Council, District Two
"Pride of the Magic City"
(205) 254-2348

Begin forwarded message:

**From:** "Polk, Peggy W." <Peggy.Polk@birminghamal.gov>
**Date:** February 18, 2016 at 5:43.46 PM CST
**To:** "Bentley, Thomas" <Thomas.Bentley@birminghamal.gov>
**Cc:** "Rafferty, Kimberly" <Kim.Rafferty@birminghamal.gov>, "Patton, Jarvis" <Jarvis.Patton.@birminghamal.gov>, "Weldon, Kim"
<Kim.Weldon@birminghamal.gov>
**Subject:** Re: Pending tomorrows discussion

Who are you proposing has the authority to conduct this hearing and render a decision?

Sent from my iPhone

> On Feb 18, 2016, at 5:31 PM, Bentley, Thomas <Thomas.Bentley@birminghamal.gov> wrote:

Here's what I think. Before stigmatizing an employee with a "would not rehire" designation an opportunity or the employee to clear his name should be given. This hearing would not be for the purposes of gaining reinstatement, but would provide an opportunity for the employee to avoid the damage to future employment opportunities. This is the opinion I plan to give the Chief of Operations and the Mayor. I will make other recommendations as well. Please understand that this position in no way is meant to undermine or diminish the authority of the Council, or the Council President on its behalf, to appoint or remove Council employees. This opinion is based on an interpretation of constitutional due process demands.

TBIII

Sent from my iPhone

>> On Feb 18, 2016 at 1:24 PM Rafferty Kimberly <Kim.Rafferty.@birminghamal.gov> wrote:

It is after noon

Councilor Kimberly S. Rafferty
District 2 The "Pride of the Magic City"
City of Birmingham
205-254-2348

-----Original Message-----
From: Bentley, Thomas
Sent: Wednesday, February 17, 2016 6:26 PM
To: Rafferty Kimberly <Kim.Rafferty.@birminghamal.gov>
Subject: RE: Pending tomorrows discussion

Noted. I am still researching and will report tomorrow, hopefully before noon.

Thomas Bentley III
Deputy City Attorney
City of Birmingham - Law Department
710 North 20th Street - 6th Floor
Birmingham Alabama 35203
Office (205) 254-2369
Fax (205) 254-2502

This email is covered by the Electronic Communicat ons Privacy Act 18 U.S.C. §§2510-2521 and is egally privileged. This email and any files transmitted with it are also subject to the attorney-client privilege and attorney work-product loctrine, and contain confidential information intended only for the person or persons addressed above. If you have received this email message in error, please notify the sender immediately and destroy all copies of the original message. Please do not forward, disse ninate, distribute or duplicate this message without the consent of the original sender.

-----Original Message-----

Original Message
From: Rafferty, Kimberly
Sent: Wednesday, February 17, 2016 6:06 PM
To: Bentley, Thomas <Thomas.Bentley@birmnghamal.gov>
Subject: Pending tomorrows discussion

I would like to ask or advise that every dismissal that has been done by the council in the last two ye    's be reviewed to establish that the fair process and documentation was done, specifically in those resulting in a do not rehire filing.    I am aware of at least two others outside of the ones referenced today  that were done in a similar fashion and could bear negatively o   the city if they are not addressed and the process failures corrected.

Sincerely,

Ms. Kimberly S. Rafferty
Birmingham City Council, District Two
"Pride of the Magic City"
(205) 254-2348

From: **Rafferty, Kimberly** Kim.Rafferty@birminghamal.gov 📎
Subject: Fwd: Emailing - Wayne Heard.pdf
Date: February 26, 2015 at 10:33 AM
To: Wayne Heard wayne.heard.jr@gmail.com

Ms. Kimberly S. Rafferty
Birmingham City Council, District Two
"Pride of the Magic City"
(205) 254-2348

Begin forwarded message:

From: "Weldon, Kim" <Kim.Weldon@birminghamal.gov>
Date: February 26, 2015 at 10:31:23 AM CST
To: "Polk, Peggy W." <Peggy.Polk@birminghamal.gov>
Cc: "Bentley, Thomas" <Thomas.Bentley@birminghamal.gov>, "Patton, Jarvis" <Jarvis.Patton@birminghamal.gov>, "Rafferty, Kimberly" <Kim.Rafferty@birminghamal.gov>
Subject: Emailing - Wayne Heard.pdf

Mrs. Polk,
Please see attached document regarding Mr. Wayne Heard.
Please call with any questions.

Thank you,
Kimberly Weldon





William A. Bell, Sr.
Mayor

**Office of the Mayor**

# Memorandum

DATE: February 26, 2016

TO: Peggy Washington-Polk,
Human Resources

FROM: Jarvis E. Patton, Sr.
Chief of Operations

SUBJ: Wayne Heard


Mayor Bell has requested the immediate and swift removal of the "DO NOT HIRE"
designation placed on Mr. Wayne Heard's employment record, as per information received
from Mr. Thomas Bentley, Law Department.

Please contact me with any questions or concerns you may have in reference to this directive.

Thank you.


JEP, Sr./klw


CC: Mayor William A. Bell, Sr.
Thomas Bentley, III
Jarvis E. Patton, Sr.

From: wayne.heard.jr@gmail.com
Subject: Re: Pre-Employment Screening Request
Date: February 29, 2016 at 8:31 AM
   To: Kidd, Cheryl Cheryl.Kidd@birminghamal.gov
   Bcc: wayne.heard.jr@gmail.com

Thank you.

Sent from my iPhone

On Feb 29, 2016, at 7:33 AM, Kidd, Cheryl <Cheryl.Kidd@birminghamal.gov> wrote:

Let me know you got it.

Sent from my iPhone

Begin forwarded message:

From: Mitchell, Chaz C." <Chaz.Mitchell@birminghamal.gov>
Date: February 29, 2016 at 6 47 44 AM CST
To "Kidd, Cheryl" <Cheryl Kidd@birminghamal.gov>
Subject: Fwd: Pre-Employment Screening Request


Chaz C. Mitchell, M.B.A
Deputy Council Administrator
Birmingham City Council
710 North 20th Street
Birmingham, Alabama 35203
(o) 205.254.2294
(c) 205-410-9271
(f) 205 254-2603
www.birminghamalcitycouncil.org

Beg n forwarded message.

From: "Taylor, Michelle" <Michelle.Taylor@birminghamal.gov>
Date: February 26, 2016 at 10 48 51 AM CST
To: "Mitchell, Chaz C." <Chaz Mitchell@birminghamal.gov>
Cc: "Kidd, Cheryl" <Cheryl Kidd@birminghamal.gov>, "Johnson, Marilynn D." <Marilynn.Johnson@b minghamal.gov>, "Polk, Peggy W." <Peggy.Polk@birminghamal.gov>
Subject: RE: Pre-Employment Screening Request

Attached is the *Order for Medical Treatment* form for, **Wayne Heard**, an
employment candidate applying for a **Council Committee Assistant** position
with the **City Council**. Mr. Heard will need a non-DOT employment drug
screen and shall present (with the attached document) to ATG on **Monday,
February 29, 2016** at 12:00 noon.

**Michelle H. Taylor**
Occupational Health Manager | Human Resources - City of Birmingham
710 North 20th Street, Room 800 – City Hall, Birmingham, AL 35203
(p) 205.254.2814 | (f) 205.297.8010 | (m) 205.532.8872 |
Michelle.Taylor@birminghamal.gov
http://www.informationbirmingham.com

**From:** Mitchell, Chaz C.
**Sent:** Friday, February 12, 2016 11:13 AM
**To:** OHS <OHS@birminghamal.gov>

**Cc:** Kidd, Cheryl <Cheryl.Kidd@birminghamal.gov>
**Subject:** Pre-Employment Screening Request

We are requesting a Pre-employment Screening for Wayne Heard.

DOB – 1/12/1989
Last 4 of SSN # 2633
Position of Committee Assistant

**Chaz C. Mitchell, M.B.A.**
Deputy Council Administrator
Birmingham City Council
710 North 20th Street
Birmingham, Alabama 35203
(o) 205 254-2294
(c) 205-410-9271
(f) 205 254-2603
www.birminghamalcitycouncil.org
Facebook I Twitter I Instagram

<EMPLOYMENT PHYSICAL - W HEARD.PDF>



**WILLIAM A. BELL, SR.**
**MAYOR**

# CITY OF BIRMINGHAM

## HUMAN RESOURCES DEPARTMENT

8th FLOOR, CITY HALL
710 NORTH 20TH STREET
BIRMINGHAM, ALABAMA 35203
(205) 254-2819
FAX (205) 254-2415

**PEGGY W. POLK**
**DIRECTOR**

### ORDER FOR MEDICAL TREATMENT

February 26, 2016

Name: **Wayne Heard**   SS# **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**

Job Title: **City Council Assistant**   Department: **City Council**

Scheduled Appointment Date/Time: **February 29, 2016 at 12:00 noon**

**Please check one:**

☐ Employment Physical (including drug screen)

    ☒ Pre-employment   DRUG SCREEN ONLY

    ☐ Promotional

    ☐ Other _____

*All medical services listed below must have prior approval from the Occupational Health and Safety Division before services are rendered.*

☐ Specialized Physical Evaluation: _____
                                  (i.e., Bomb Squad, Hazardous Material, Vaccination)

☐ Fitness for Duty: _____

☐ Drug Screening

    ☐ Post Accident (Drug/Alcohol)
              Circle One or Both
    ☐ Reasonable Suspicion (Drug/Alcohol)
                 Circle One or Both

    ☐ Return to Duty

    ☐ Follow-up

    ☐ Other _____

**Authorized treating facility:**
    Analytical Testing Group
    920 18th Street South
    Birmingham, Alabama 35205
    (205)-933-0609 telephone
    Operating hours: Monday - Friday 8:30 a.m. - 4:30 p.m

_____
Human Resources Representative

**(205)254-2814**
Contact Telephone Number

cc: OHS@birminghamal.gov

Alabama Ctr for Occ Med and Prev
2018 Brookwood Med. Ctr. Drive
Suite G-2
Birmingham, AL 35209-6870
Phone· 205-877-2667
Fax  205-877-2775

# Drug Screen Results Letter

To:   Private Patient

| | |
|---|---|
| Name: | Wayne Heard |
| Patient ID: | |
| Collection Date & Time: | 02/29/2016          12:07 |
| Specimen ID #: | doa5050255 |
| Drug Test Profile: | 10 Panel Instant Drug Screen |
| Drugs Tested For: | Amphetamines |
| | Barbiturate |
| | Benzodiazepines |
| | Cannabinoids |
| | Cocaine |
| | Methadone |
| | Methamphetamine |
| | Opiates |
| | Oxycodone |
| | Phencyclidine |
| Collection Site & Phone: | Alabama Comp |
| | 2018 Brookwood Med. Ctr. Drive |
| | POB Suite G-2 |
| | Birmingham, AL 35209 |
| | 205-877-2667 |
| Collector: | Irma Zamora, MA |
| Laboratory: | Alabama Comp |
| | 2018 Brookwood Med Ctr Drive |
| | POB Suite G-2 |
| | Birmingham, AL 35209 |
| Test Reason: | Applicant Testing |
| Result: | Negative |
| MRO Verified On: | 02/29/2016 |
| Date CCF Received: | 02/29/2016 |

Alabama Comp
2018 Brookwood Med Ctr
Birmingham AL 35209
(205)877-2667

TERMINAL ID.:                        001
MERCHANT #:              050860028424

VISA
XXXXXXXXXXXX8555 EXP:XX/XX        //ECD
SALE
BATCH: 000392        INV: 000002
Feb 29, 16           08:56
RRN: 060962009231   AUTH: 141100

TOTAL

WAYNE HEARD JR

THANK YOU!

CUSTOMER COPY

Printed. 02/29/2016  12:27:15PM

Bruce W. Romeo, MD
Medical Review Officer

_____
Date of Review and Verification

From: **Rafferty, Kimberly** Kim Rafferty@birminghamal.gov
Subject: Hire
Date: March 7, 2016 at 2.11 PM
To: Mitchell, **Chaz C.** Chaz Mitchell@birminghamal.gov, **Kidd, Cheryl** Cheryl Kidd@birminghamal.go.. **Austin, Johnathan F.**
Johnathan Austin@birminghamal.gov
Cc: Lou Willie ljwillie4@gmail.com

Reviewing the fact that Council President continues to exert control over the staffing of individual council offices; regardless that they duly qualify as hirable under the personnel department of the City of Birmingham and that it really should not be any of his damn business; I am going to retract my request to hire Wayne Heard and instead, place a hire request in for Lou Willie, IV.

The salary is set at $40,000 annually.

Thank you for expeditiously moving this item forward so that Mr. Willie's start date is March 21st, which corresponds with the beginning of the next pay period.

Sincerely,

Ms. Kimberly S. Rafferty
Birmingham City Council, District Two
"Pride of the Magic City"
(205) 254-2348

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## Birmingham District Office



1965        2015

Ridge Park Place
130 22ⁿᵈ Street South, Suite 2000
Birmingham, AL 35205
Intake Information Group: 800-669-4000
Intake Information Group TTY: 800-669-6820
Birmingham Status Line: 866-408-8075
Birmingham Direct Dial: (205) 212-2100
TTY (205) 212-2112
FAX (205) 212-2105
Website: www.eeoc.gov

Wayne Heard
6834 N Cabvion Circle
Bessemer, AL 35022

EEOC Charge Number: 420-2016-01273

Dear Mr. Heard:

Enclosed with this letter is a copy of the Respondent's Position Statement. **By accepting these documents, you agree that you will only share the contents with persons in a privileged relationship to you, such as a spouse, clergy, or legal, medical or financial advisor.**

This is your opportunity to provide additional information you feel is relevant to support your charge. If you would like to respond to what the Respondent says in its Position Statement, please do so no later than 20 calendar days from the date of this letter.

There is no specific format required for your response. Any information you provide will be taken into consideration during the investigation of your charge. You may respond in writing or by phone. If you respond in writing, be sure to include your charge number on your correspondence. If you disagree with any of the information the Respondent has submitted, please point out specifically what you believe is incorrect and explain what you believe to have happened. Also, please give us any additional evidence or information that you have not already provided that you believe supports your case. For example, if applicable, identify any additional witnesses, their contact information, and a brief summary of what you think they will say.

My mailing address is listed in the letterhead. My email address is michael.albert@eeoc.gov. My direct telephone number is (205) 212-2111. I am available during the hours of 7:00 a.m. and 3:00 p.m. If I am unavailable when you call, please leave a daytime phone number where you may be reached.

Please note, after we review all of the evidence of record and if our review does not suggest a violation of a law enforced by the U.S. Equal Employment Opportunity Commission (EEOC), a Dismissal and Notice of Suit Rights will be issued. You will have ninety (90) days from the date of receipt of the Dismissal and Notice of Suit Rights to file a lawsuit in court. If the evidence of record establishes a violation of the law, EEOC will attempt to conciliate/resolve the matter to all parties' satisfaction.

I look forward to hearing from you.

Sincerely,

_22 June, 2016_____
Date Mailed

Michael Albert, Federal Investigator

Enclosure



# CITY OF BIRMINGHAM

## DEPARTMENT OF LAW
710 North 20ᵗʰ Street
Room 600 City Hall
Birmingham, Alabama 35203-2290

Phone (205) 254-2369
Fax (205) 254-2502

WILLIAM A. BELL, SR.
MAYOR

CITY ATTORNEY
TBD

THOMAS BENTLEY, III
DEPUTY CITY ATTORNEY

JAMES C. STANLEY
CHIEF ASSISTANT CITY ATTORNEY

FREDRIC L. FULLERTON, II
CHIEF ASSISTANT CITY ATTORNEY

JACINDA D. ANDERSON
JULIE P. BARNARD
LARESHA D. CADE
MICHAEL M. FLIEGEL
ALAN L. FOSTER
JEFFREY P. GILLIAM
YOLANDA L. HUNTER
RONALD D. JACKSON
PAMELA T. JONES
NICOLE C. KING
JAMES D. LOVE
KAREN MCLAIN
JAVAN J. PATTON
ROZALIND SMITH-SIMON
MELISSA E. SMILEY
TED L. SMITH
STEVEN T. STINE
JEREMY R. SWALLOWS
RANDALL L. WOODFIN
MALENA TRAYLOR-WRIGHT

NATHANIEL BAGLEY, JR.
Claims Administrator

March 17, 2016

Michele Harris, Investigator
U.S. Equal Employment Opportunity Commission
Birmingham District Office
Ridge Park Place
1130 22ⁿᵈ Street
Birmingham, Alabama 35205

**SUBJECT: Mr. Wayne Heard [EEOC Charge Number: #420-2016-01273],
City of Birmingham's Position Statement**

Dear Ms. Harris:

I represent the Respondent, the City of Birmingham (hereinafter "City"), in the above referenced charge of discrimination. This letter serves as the City's response and Position Statement to this charge of race discrimination and is submitted to aid the Commission in its investigation of this matter. The City reserves the right to supplement its response if additional facts become evident. By making this response, the City does not waive any of its defenses and reserves all rights and contentions.

The City is an Equal Employment Opportunity employer. The City has a strong anti discrimination policy which is enforced and all employees are required to comply. The City has spent much time and scarce resources defending its anti-discrimination policy. The City affirmatively states that it does not engage in unlawful employment practices.

1

In review of Mr. Wayne Heard's ("Mr. Heard") Claim No. 420-2016-01273 (race discrimination), the City denies that Mr. Heard has been subjected to race discrimination. It is our contention that Mr. Heard's allegations are without merit. Quite simply, as a matter of law, Mr. Heard charge is due to be dismissed.

First, it must be noted, the Executive Assistant position is a political appointment with the Office of City Council for the City of Birmingham. Thus, Mr. Heard is a political appointee, not a civil service employee. All appointed personnel that are employed in the City Council office serve at the discretion of the City Council President of the City of Birmingham and can be terminated for any reason. Appointed personnel have no appeal rights to the Personnel Board of Jefferson County.

Mr. Heard began his short employment with the City of Birmingham City Council on or about June 1, 2015 as an Executive Assistant. His direct supervisor was the City Councilor Administrator Cheryl Kidd (BF). On or about January 8, 2016, Ms. Kidd inform Mr. Heard that his employment was being terminated with the Birmingham City Council on the request of City Council President Johnathan Austin (BM). Mr. Heard's employment file was categorized as "would not rehire", which is normally done to all employees that are terminated from the City. Under the current City Council Administration, only the City Council President has the authority to hire and fire employees of the City Council.

After his termination, Mr. Heard apparently discussed with City Councilor Kim Rafferty about being rehired with the Birmingham City Council in her office. He was informed that it would not take place. According to his charge, Mr. Heard sent a letter of appeal to the Mayor William A. Bell, Sr. asking that he intervene in the matter. However, Mayor Bell does not have any authority to hire or fire City Council employees. On February 17, 2016, Mr. Heard learned that only the City Council President has the sole authority to hire and fire City Council employees. Councilor Rafferty does not have any such authority. Mr. Heard's employment with the City of Birmingham was not reinstated.

In his charge, Mr. Heard alleges a discriminatory employment decision (termination) based on his race (African American), he may establish a prima facie case by showing that (1) he is a member of a protected class, (2) he was qualified for his position, (3) he was subject to an adverse employment action, and (4) his employer treated similarly situated employees outside his protected class more favorably. *Maniccia v. Brown*, 171 F.3d 1364, 1368 (11th Cir. 1999). Mr. Heard charge fails regarding category (4).

Mr. Heard has not identified that he was treated less favorably than a similarly situated employee (Caucasian) outside of his protected category. His charge does not even list or state the name of a person that was outside his protected class that was treated more favorably. A proper comparator is an employee outside of the plaintiff's protected category who is "similarly situated in all relevant respects." *Holifield,* 115 F.3d at 1562; *accord Rioux v. City of Atlanta, Ga.,* 520 F.3d 1269, 1280 (11th Cir. 2008). "In order to be considered 'similarly situated,' the compared employees must have been 'involved in or accused of the same or similar conduct,' yet 'disciplined in different ways' for that conduct." *Smith v. Lockheed-Martin Corp.,* 644 F.3d 1321, 1326 n.17 (11th Cir. 2011) (citing *Holifield,* 115 F.3d at 1562); *see also Maniccia,* 171 F.3d at 1364 ("The most important factors in the disciplinary context are the nature of the offenses committed and the nature of the punishments imposed."). The Eleventh Circuit has interpreted this standard to "require that the quantity and quality of the comparator's misconduct be nearly identical to prevent courts from second-guessing employers' reasonable decisions and confusing apples with oranges." *Maniccia,* 171 F.3d at 1368. Mr. Heard has not presented any evidence (much less substantial evidence) that he was terminated due to his race. Mr. Heard has failed to show that he was subjected to any discriminatory conduct because of his race.

Based on the fore going, the City of Birmingham reasserts that it has not discriminated against Mr. Heard based on his race; and, requests that this Commission issue a "no-cause" determination. Should you have any questions, or need to discuss this matter further, please do not hesitate to contact me.

Sincerely,

Fredrie L. Fullerton, II
Chief Assistant City Attorney

Enclosures

Cc:   City Of Birmingham Council President Johnathan Austin
      Cheryl Kidd, City Council Administrator
      File

3

**JONATHAN JONES - Fwd: Pending tomorrows discussion**    420 - 2016 -01272

| | |
|---|---|
| **From:** | Wayne Heard <wheard@fitnesslaw.org> |
| **To:** | "michele.harris@eeoc.gov" <michele.harris@eeoc.gov> |
| **Date:** | 2/24/2016 10:34 AM |
| **Subject:** | Fwd: Pending tomorrows discussion |

Thomas Bentley is chief lawyer in the cities law department.

Peggy Polk is the director of HR.

Jarvis Patton is the mayors COO.

Wayne Heard

Health and Performance Trainer
P.O. Box 13342
Birmingham, AL 35202
(c) 205.213.9193
wheard@fitnesslaw.org

CONFIDENTIAL HEALTH INFORMATION ENCLOSED/ATTACHED Health care information is personal and sensitive information related to a person's health care and is protected under federal and/or state privacy laws. Your unauthorized use or disclosure or failure to maintain the confidentiality of the attached information may subject you to criminal or civil penalties under applicable federal and/or state laws. IMPORTANT WARNING: This message is intended for the use of the person or entity to which it is addressed and may contain information (including any/all attachments) that is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§2510-2521, is confidential, and may be legally privileged. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this information is STRICTLY PROHIBITED. If you have received this message error, please notify us immediately and destroy the related message

Begin forwarded message:

> **From:** "Rafferty, Kimberly" <Kim.Rafferty@birminghamal.gov>
> **Date:** February 19, 2016 at 2:51:58 PM CST
> **To:** Wayne Heard <wheard@fitnesslaw.org>
> **Subject: Fwd: Pending tomorrows discussion**
>
>
> Ms. Kimberly S. Rafferty
> Birmingham City Council, District Two
> "Pride of the Magic City"
> (205) 254-2348
>
>
> Begin forwarded message:

**From:** "Polk, Peggy W." <Peggy.Polk@birminghamal.gov>
**Date:** February 18, 2016 at 5:43:46 PM CST
**To:** "Bentley, Thomas" <Thomas.Bentley@birminghamal.gov>
**Cc:** "Rafferty, Kimberly" <Kim.Rafferty@birminghamal.gov>, "Patton, Jarvis"
<Jarvis.Patton@birminghamal.gov>, "Weldon, Kim"
<Kim.Weldon@birminghamal.gov>
**Subject: Re: Pending tomorrows discussion**

Who are you proposing has the authority to conduct this hearing and render a decision?

Sent from my iPhone

> On Feb 18, 2016, at 5:31 PM, Bentley, Thomas
> <Thomas.Bentley@birminghamal.gov> wrote:
>
> Here's what I think. Before stigmatizing an employee with a
> "would not rehire" designation an opportunity for the employee to
> clear his name should be given. This hearing would not be for the
> purposes of gaining reinstatement, but would provide an
> opportunity for the employee to avoid the damage to future
> employment opportunities. This is the opinion I plan to give the
> Chief of Operations and the Mayor. I will make other
> recommendations as well. Please understand that this position in
> no way is meant to undermine or diminish the authority of the
> Council, or the Council President on its behalf, to appoint or
> remove Council employees. This opinion is based on an
> interpretation of constitutional due process demands.
>
> TBIII
>
> Sent from my iPhone
>
>> On Feb 18, 2016, at 1:24 PM, Rafferty, Kimberly
>> <Kim.Rafferty@birminghamal.gov> wrote:
>>
>> It is after noon. ....
>>
>> Councilor Kimberly S. Rafferty
>>
>> District 2, The "Pride of the Magic City"
>>
>> City of Birmingham

205-254-2348

-----Original Message-----

From: Bentley, Thomas

Sent: Wednesday, February 17, 2016 6:26 PM

To: Rafferty, Kimberly
<Kim.Rafferty@birminghamal.gov>

Subject: RE: Pending tomorrows discussion

Noted. I am still researching and will report
tomorrow, hopefully before noon.

Thomas Bentley, III

Deputy City Attorney

City of Birmingham - Law Department

710 North 20th Street - 6th Floor

Birmingham, Alabama 35203

Office:  (205) 254-2369

Fax:     (205) 254-2502

This email is covered by the Electronic
Communications Privacy Act, 18 U.S.C. §§2510-2521
and is legally privileged. This email and any files
transmitted with it are also subject to the attorney-
client privilege and attorney work-product doctrine,
and contain confidential information intended only for
the person or persons addressed above. If you have
received this email message in error, please notify the
sender immediately and destroy all copies of the
original message. Please do not forward, disseminate,
distribute or duplicate this message without the
consent of the original sender.

-----Original Message-----

From: Rafferty, Kimberly

Sent: Wednesday, February 17, 2016 6:06 PM

To: Bentley, Thomas
<Thomas.Bentley@birminghamal.gov>

Subject: Pending tomorrows discussion

I would like to ask or advise that every dismissal that
has been done by the council in the last two years be
reviewed to establish that the fair process and
documentation was done, specifically in those
resulting in a do not rehire filing.  I am aware of at
least two others, outside of the ones referenced today,
that were done in a similar fashion and could bear
negatively on the city if they are not addressed and the
process failures corrected.

Sincerely,

Ms. Kimberly S. Rafferty

Birmingham City Council, District Two

"Pride of the Magic City"

(205) 254-2348

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## INTAKE QUESTIONNAIRE

Please immediately complete this entire form and return it to the U.S. Equal Employment Opportunity Commission ("EEOC"). **REMEMBER**, a charge of employment discrimination must be filed within the time limits imposed by law, within 180 days or in some places within 300 days of the alleged discrimination. When we receive this form, we will review it to determine EEOC coverage. Answer all questions completely, and attach additional pages if needed to complete your responses. If you do not know the answer to a question, answer by stating "not known." If a question is not applicable, write "N/A." (PLEASE PRINT)   420   2016 - 01573

### 1. Personal Information

Last Name: _Heard_     First Name: _Wayne_     MI: _____

Street or Mailing Address: _6834   N  Clebrun  Circle_     Apt or Unit #: _____

City: _Pessemer_     County: _Jefferson_     State: _AL_     Zip: _35022_

Phone Numbers: Home: (____) _____     Work: (____) _____

Cell: (205) _213   9193_     Email Address: _wayne . heard . jr @ gmail.com_

Date of Birth: [redacted]     Sex: ☒ Male ☐ Female     Do You Have a Disability? ☐ Yes ☒ No

Please answer each of the next three questions.   i. Are you Hispanic or Latino? ☐ Yes  ☒ No

ii. What is your Race?  Please choose all that apply. ☐ American Indian or Alaskan Native   ☐ Asian   ☐ White
☒ Black or African American  ☐ Native Hawaiian or Other Pacific Islander

iii. What is your National Origin (country of origin or ancestry)? _United   States   of   America_

Please Provide The Name Of A Person We Can Contact If We Are Unable To Reach You:

Name: _Tunic   Davis_     Relationship: (b)(7)(C) 1 Line Redacted

Address: _____     (b)(7)(C) 1 Line Redacted

Home Phone: (b)(7)(C) 1 Line Redacted     Other Phone: (____) _____

### 2. I believe that I was discriminated against by the following organization(s): (Check those that apply)

☒ Employer   ☐ Union   ☐ Employment Agency   ☐ Other (Please Specify) _____

Organization Contact Information (If the organization is an employer, provide the address where you actually worked. If you work from home, check here ☐ and provide the address of the office to which you reported.) If more than one employer is involved, attach additional sheets.

Organization Name: _City  of  Birmingham_

Address: _710   20th   Street  North_     County: _Jefferson_

City: _Birmingham_     State: _AL_ Zip: _35023_     Phone: (205) _254 - 2000_

Type of Business: _City Council_     Job Location if different from Org. Address: _____

Human Resources Director or Owner Name: _Mayor  William  Bell + Peggy Polk_     Phone: (____) _____

Number of Employees in the Organization at All Locations: Please Check (✓) One

☐ Fewer Than 15   ☐ 15 - 100   ☐ 101 - 200   ☐ 201 - 500   ☒ More than 500

### 3. Your Employment Data (Complete as many items as you are able.) Are you a federal employee? ☐ Yes ☒ No

Date Hired: _June 1, 2015_     Job Title At Hire: _Executive  Assistant  to Council  Administrator_

Pay Rate When Hired: _$50,000.00_     Last or Current Pay Rate: _$50,000.00_

Job Title at Time of Alleged Discrimination: _Executive  Assistant_     Date Quit/Discharged: _January 8, 2016_

Name and Title of Immediate Supervisor: _Cheryl  Kidd  / Council  Administrator_

If Job Applicant, Date You Applied for Job _N/A_     Job Title Applied For _N/A_

1

**4. What is the reason (basis) for your claim of employment discrimination?**

*FOR EXAMPLE, if you feel that you were treated worse than someone else because of race, you should check the box next to Race. If you feel you were treated worse for several reasons, such as your sex, religion and national origin, you should check all that apply. If you complained about discrimination, participated in someone else's complaint, or filed a charge of discrimination, and a negative action was threatened or taken, you should check the box next to Retaliation.*

☒ Race ☒ Sex ☒Age ☐ Disability ☐ National Origin ☐ Religion ☒ Retaliation ☐ Pregnancy ☒ Color (typically a difference in skin shade within the same race) ☒ Genetic Information; circle which type(s) of genetic information is involved: i. genetic testing   ii. family medical history   iii. genetic services (genetic services means counseling, education or testing)

If you checked color, religion or national origin, please specify:_____

If you checked genetic information, how did the employer obtain the genetic information? _*ing    Eslacuher,   May le,_

_Integity,  Shtire,   desire  to  de  cight_____

Other reason (basis) for discrimination (Explain): _____

**5. What happened to you that you believe was discriminatory?**  Include the date(s) of harm, the action(s), and the name(s) and title(s) of the person(s) who you believe discriminated against you.  **Please attach additional pages if needed.**
*(Example: 10/02/06 – Discharged by Mr. John Soto, Production Supervisor)*

A. Date: _November 24, 2015_ Action: ____ _Treatmoy   Phise   Cell   to   Laura Walsh_

Name and Title of Person(s) Responsible: ____ _Johnathan   Aryho_____

B. Date: _January 8, 2016_ Action: ____ _Termination_____

Name and Title of Person(s) Responsible ____ _Chrystin   Pushon_____

**6. Why do you believe these actions were discriminatory? Please attach additional pages if needed**

____ _Aln   I   filed   a   Pelie   Repat   I   was   told   sould   not   Estire_

**7. What reason(s) were given to you for the acts you consider discriminatory?  By whom? His or Her Job Title?**

_Corrodins   alter   to   bred   company   Her   Ab'ishm_____

**8. Describe who was in the same or similar situation as you and how they were treated.** For example, who else applied for the same job you did, who else had the same attendance record, or who else had the same performance? **Provide the race, sex, age, national origin, religion, or disability of these individuals, if known, and if it relates to your claim of discrimination. For example, if your complaint alleges race discrimination, provide the race of each person; if it alleges sex discrimination, provide the sex of each person; and so on. Use additional sheets if needed.**

Of the persons in the same or similar situation as you, who was treated *better* than you?

| Full Name | Race, Sex, Age, National Origin, Religion or Disability | Job Title | Description of Treatment |
|---|---|---|---|
| A. _Vickie   French_ | _Commite   Assistant_ | _Black, Female_ | _(Would not Reks)_ |
| B. | | | |

2

Of the persons in the same or similar situation as you, who was treated *worse* than you?

| Full Name | Race, Sex, Age, National Origin, Religion or Disability | Job Title | Description of Treatment |
|---|---|---|---|
| A. | | | |
| B. | | | |

Of the persons in the same or similar situation as you, who was treated the *same* as you?

| Full Name | Race, Sex, Age, National Origin, Religion or Disability | Job Title | Description of Treatment |
|---|---|---|---|
| A. | | | |
| B. | | | |

Answer questions 9-12 <u>only</u> if you are claiming discrimination based on disability. If not, skip to question 13. Please tell us if you have more than one disability. Please add additional pages if needed.

9. Please check all that apply:
    ☐ Yes, I have a disability
    ☐ I do not have a disability now but I did have one
    ☑ No disability but the organization treats me as if I am disabled

10. What is the disability that you believe is the reason for the adverse action taken against you? Does this disability prevent or limit you from doing anything? (e.g., lifting, sleeping, breathing, walking, caring for yourself, working, etc.).

_Having a moral compass_

11. Do you use medications, medical equipment or anything else to lessen or eliminate the symptoms of your disability?
☐ Yes  ☑ No
If "Yes," what medication, medical equipment or other assistance do you use?

12. Did you ask your employer for any changes or assistance to do your job because of your disability?
☑ Yes  ☐ No

If "Yes," when did you ask? _Sever_  How did you ask (verbally or in writing)? _verbally_

Who did you ask? (Provide full name and job title of person)
_Chasity Kidd, Courtney Hunter_

Describe the changes or assistance that you asked for: _I notified them I could not participate in illegal activities._

How did your employer respond to your request? _They stated they understood_

3

**13. Are there any witnesses to the alleged discriminatory incidents? If yes, please identify them below and tell us what they will say. (Please attach additional pages if needed to complete your response)**

| Full Name | Job Title | Address & Phone Number | What do you believe this person will tell us? |
|---|---|---|---|

A. _____

_____

B. _____

_____

**14. Have you filed a charge previously on this matter with the EEOC or another agency?**  ☐ Yes  ☑ No

**15. If you filed a complaint with another agency, provide the name of agency and the date of filing:** _____

_____

**16. Have you sought help about this situation from a union, an attorney, or any other source?**  ☑ Yes  ☐ No
Provide name of organization, name of person you spoke with and date of contact. Results, if any?

_____

**Please check one of the boxes below to tell us what you would like us to do with the information you are providing on this questionnaire.** If you would like to file a charge of job discrimination, you must do so either within 180 days from the day you knew about the discrimination, or within 300 days from the day you knew about the discrimination if the employer is located in a place where a state or local government agency enforces laws similar to the EEOC's laws. If you do not file a charge of discrimination within the time limits, you will lose your rights. If you would like more information before filing a charge or you have concerns about EEOC's notifying the employer, union, or employment agency about your charge, you may wish to check Box 1. If you want to file a charge, you should check Box 2.

**BOX 1**  ☐ I want to talk to an EEOC employee before deciding whether to file a charge. I understand that by checking this box, I have not filed a charge with the EEOC. I also understand that I could lose my rights if I do not file a charge in time.

**BOX 2**  ☑ I want to file a charge of discrimination, and I authorize the EEOC to look into the discrimination I described above. I understand that the EEOC must give the employer, union, or employment agency that I accuse of discrimination information about the charge, including my name. I also understand that the EEOC can only accept charges of job discrimination based on race, color, religion, sex, national origin, disability, age, genetic information, or retaliation for opposing discrimination.

_____
**Signature**

_____
February 19, 2016
**Today's Date**

PRIVACY ACT STATEMENT: This form is covered by the Privacy Act of 1974  Public Law 93-579  Authority for requesting personal data and the uses thereof are:
1) FORM NUMBER/TITLE/DATE. EEOC Intake Questionnaire (9/20/08)  2) AUTHORITY.  42 U S C  § 2000e-5(b)  29 U S C  § 211  29 U S C  § 626  42 U S C  12117(a)
3) PRINCIPAL PURPOSE. The purpose of this questionnaire is to solicit information about claims of employment discrimination  determine whether the EEOC has jurisdiction over those claims, and provide charge filing counseling, as appropriate. Consistent with 29 CFR 1601 12(b) and 29 CFR 1626 8(c)  this questionnaire may serve as a charge if it meets the elements of a charge.  4) ROUTINE USES.  EEOC may disclose information from this form to other state  local and federal agencies as appropriate or necessary to carry out the Commission's functions  or if EEOC becomes aware of a civil or criminal law violation  EEOC may also disclose information to respondents in litigation  to congressional offices in response to inquiries from parties to the charge, to disciplinary committees investigating complaints against attorneys representing the parties to the charge  or to federal agencies inquiring about hiring or security clearance matters.
5) WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION. Providing this information is voluntary but the failure to do so may hamper the Commission's investigation of a charge  It is not mandatory that this form be used to provide the requested information.

**City of Birmingham**
**Human Resources**

Date Created: 01-13-2016     Department: 10 - City Council     Action #: 60SEPDISMI - Sep. Dismissal

### EMPLOYEE INFORMATION

| | | |
|---|---|---|
| Last Name  HEARD | Address  6379 North Clubview Circle | Social Sec. #: |
| First Name  WAYNE | City  Bessemer     State  AL     Zip Code  35022 | Employee #:  34758 |
| Initial | County  Jefferson | E-Mail: |

### POSITION INFORMATION

| FROM | TO | DATES |
|---|---|---|
| Position #:  100291042001 | Position #: | Effective Date:  01-08-2016 |
| Status Code:  AP - Appt. Unclas. FT | Status Code:  V7 - Term Pending - Unclassified F | Anniversary Date: |
| Schedule:  AP - EXSCH | Schedule:  AP - EXSCH | Assignment End Date: |
| Grade:  347     Step: | Grade:     Step: | Days Missed: |

### SEPARATION INFORMATION

Vacation Leave Payoff:  0     Termination Reason:  Endpol Trn     Rehire Recommendation:  4 - Would Not Rehire

Notes:

_____     1/13/16
Department Head                    Date

_____     1/13/16
Appointing Authority                Date

# Right to Sue from EEOC

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: Wayne Heard<br>6379 N Clubview Cir<br>Bessemer, AL 35022 | From: Birmingham District Office<br>Ridge Park Place<br>1130 22nd Street<br>Birmingham, AL 35205 |
|---|---|

|  | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 420-2016-01273 | MICHAEL G. ALBERT,<br>Investigator | (205) 212-2111 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☒ Other *(briefly state)*    **No Employer/Employee relationship**

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Deiner Franklin-Thomas,
District Director

DEC 15 2016

*(Date Mailed)*

Enclosures(s)

cc:    **CITY OF BIRMINGHAM**
**Fredric Fullerton**
**City Attorney**
**Law Department**
**710 20th Street North Room 600 City Hall**
**Birmingham, AL 35203**

Enclosure with EEOC
Form 161 (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 -- *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

# Freedom of Information Request

FREEDOM OF INFORMATION ACT REQUEST

January 23, 2017

Toniko Noland
United States Equal Employment Opportunity Commission
Birmingham District Office
Ridge Park Place
1130 22nd Street
Birmingham, AL 35203

Re: Freedom of Information Act Request

Mrs. Noland,
This is a request under the Freedom of Information Act.
I request that a copy of the following documents and file pertaining to EEOC Charge
420-2016-01273 be provided to me:
- The Entire investigation file of EEOC Charge 420-2016-01273
- Any documents provided to the EEOC by respondent: City of Birmingham
- Any documents acquired by the EEOC during the course of the investigation
  of EEOC Charge 420-2016-01273
- Any and all documents, information, discovery, pertinent materials acquired
  by the EEOC during the process of their investigation and subsequent issue of
  a right to sue in EEOC Charge 420-2016-01273.

The purpose of the discharge and issue of right to sue without cause was that I,
Wayne Heard Jr., was not a merit employee, but rather an appointed employee of
the City of Birmingham. I humbly request the director of the Birmingham District
office of the Equal Employment Opportunity Commission reconsider the previous
determination, and grant a favorable notice to myself, the claimant, that
discrimination did occur, as I was an employee of the City of Birmingham entitled to
relief.
I request a waiver of all fees for this request. Disclosure of the requested
information to me is in my interest as the claimant, as well as the public interest
because it is likely to contribute significantly to public understanding of the
operations or activities of the government.
Thank you for your consideration of this request.

Sincerely,

Wayne Heard Jr.
6379 N Clubview Circle
Bessemer, AL 35022

January 23, 2017

# EEOC Response to Freedom of Information Request



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Birmingham District Office**

Ridge Park Place
1130 22nd Street South, Suite 2000
Birmingham, AL 35205
(205) 212-2069
TTY (205) 212-2112
FAX (205) 212-2105
Website: www.eeoc.gov

January 24, 2017

Via: wayne.heard.jr@gmail.com
Mr. Wayne Heard
6379 N Clubview Circle
Bessemer, AL 35022

Re: FOIA No.:      420-2017-005066
Charge No.:      420-2016-01273
Charge:          Wayne Heard v City of Birmingham

Dear Mr. Heard:

Your request under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, received by the Birmingham District Office on January 23, 2017, is assigned the above FOIA number. It will be processed by Toniko Noland who can be reached at (205) 212-2069 or toniko.noland@eeoc.gov

[X] EEOC will issue a determination on your request on or before March 07, 2017. FOIA and EEOC regulations provide 20 working days to issue a determination on a request, not including Saturdays, Sundays and federal holidays. In unusual circumstances, EEOC may extend the 20 working days by 10 additional working days or stop processing your request until you respond to our request for fee or clarifying information. Should EEOC take an extension or stop processing your request, notice will be issued prior to the expiration of the 20 working days.

Cordially,

Delner Franklin-Thomas
District Director
BIRMFOIA@eeoc.gov